153 So.2d 467 (1963)
Dr. Georg PFEIFFER, Receiver for European Overseas Trading Company
v.
HEMISPHERE INTERNATIONAL CORPORATION.
No. 1027.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
Rehearing Denied June 4, 1963.
*468 Gertler, Gallinghouse, Stahl, Hart, Sear & Duran, Melvin J. Duran, New Orleans, for plaintiff-appellee.
James J. Morrison, New Orleans, for defendant-appellant.
Lemle & Kelleher, H. Martin Hunley, Jr., New Orleans, amicus curiae.
Before McBRIDE, REGAN and YARRUT, JJ.
YARRUT, Judge.
This is a suspensive appeal by Defendant from a default judgment, rendered and signed on June 26, 1962, against Defendant, in favor of Plaintiff, for $50,075.00 interest and costs.
Plaintiff is a corporation domiciled in Hamburg, Germany, and is represented by its "authorized representative," appointed by a German Court. Defendant is a Louisiana corporation, domiciled in New Orleans.
Plaintiff alleges that his corporation and Defendant entered into a partnership agreement to share equally the profits earned in the purchase and sale of various commodities during the years 1953-1954; that Defendant, for the partnership, received sufficient profits for the partnership to entitle Plaintiff to its half, or $150,000.00 which Defendant has never paid; hence, prays for judgment for that amount, with interest and costs.
Defendant filed exceptions of no right or cause of action, which were overruled by the District Court, allowing Defendant 15 *469 days to answer. When Defendant filed no answer, Plaintiff entered a preliminary default, which was, in due time, confirmed. Defendant's counsel timely moved for a new trial when he learned of the default confirmation, alleging that he had no prior knowledge, and was not forewarned that a default would be entered or confirmed, assuming that opposing counsel would accord him the customary professional courtesy before taking such a step. Counsel for Plaintiff insists he personally informed Defendant's counsel he must file an answer or suffer a default. The court denied a new trial; hence this appeal.
Defendant urges the exceptions of no right or cause of action based upon these contentions:
1. No proof that Plaintiff was appointed Receiver by the German Court, but merely "the authorized representative;"
2. That a suit by a foreign Receiver cannot be maintained in Louisiana until he has been recognized and confirmed as such in ancillary proceedings in our courts;
3. That corporations are incapable of entering into partnership agreements, which Louisiana law limits to "persons;"
4. That an action is not maintainable between individual partners until there has first been a full accounting and settlement of the partnership affairs;
5. That in any event, a new trial should be granted in case of the default judgment, irrespective of inattention or neglect on the part of counsel, when enforcement of such default judgment would be inequitable and unconscionable.
Contention No. 1, that there is no proof that Plaintiff was the duly appointed Receiver by the German Court, is not wellfounded. There is documentary evidence in the record that the German Court appointed Plaintiff as "the authorized representative," which was certified as correct by the American Consulate in Germany. By whatever name judicially appointed, whether "Receiver," "representative" or "agent," the authority to represent the corporation in proper proceeding has been properly proved.
Contention No. 2, that a suit by a representative of a foreign corporation, judicially appointed, to handle the affairs of a corporation, cannot be maintained in Louisiana until recognized and confirmed in ancillary proceedings in Louisiana, is welltaken. LSA-C.C.P. art. 692.
Contention No. 3, that corporations are incapable of entering into partnership or joint ventures, is not well-founded. Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; 25 T.L.R. 272, 382.
Contention No. 4, that an action for a specific sum is not maintainable between partners until there has been an accounting and settlement of the partnership, is correct. In re Taliancich & Perez Co., 221 La. 279, 59 So.2d 189; Ingersoll Corporation v. Rogers, supra.
Contention No. 5, that, in any event, a new trial should be granted as the enforcement of the judgment here would be inequitable and unconscionable, is wellfounded. Counsel for both parties vigorously prosecuted or defended the rights of their respective clients up to the default judgment. LSA-C.C.P. art. 1973; Alonso v. Bowers, 222 La. 1093, 64 So.2d 443; Succession of Gilmore, 157 La. 130, 102 So. 94; City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542; Vinson v. Picolo, La.App., 15 So.2d 778; Sandfield Oil & Gas. Co. v. Paul, La.App., 7 So.2d 725; Bell v. Holdcraft, La.App., 196 So. 379.
We must observe that both trial counsel are capable members of the bar, and we are satisfied the default judgment was entered due to the overzealousness of counsel, and not to any unfair or ulterior motive.
Accordingly, the judgment of the District Court should be annulled and set aside, for the following reasons only:
*470 1. That Plaintiff, as judicial corporate representative, has no right to sue or stand in judgment in our courts without first having been confirmed in ancillary proceedings in Louisiana. LSA-C.C.P. art. 692;
2. Defendant is entitled to a full and complete accounting of the partnership affairs, before it can be held liable to Plaintiff for any specific sum;
3. Equity requires that a litigant should not be penalized because of the oversight of its counsel, when the court still has jurisdiction to correct it.
For the above and foregoing reasons, the judgment of the District Court is annulled and set aside, and the case remanded to the District Court, to be proceeded with forthwith and according to law; Plaintiff to be given reasonable time to comply with the conditions precedent outlined above, or have its suit dismissed as in case of non-suit; Defendant to pay present costs in both courts, remaining costs to await final judgment.
Judgment annulled and set aside, case remanded.