AYRES, Judge.
This is an action upon an open account wherein, on confirmation of a default, there was judgment in plaintiff’s favor recognizing and ordering enforced a lien and privilege in the sum of $12,745.50, plus 10% additional thereon as attorney’s fees, as well as recording fees of $12.80, together with interest and cost, on certain gas wells for materials furnished and labor performed in the drilling thereof. From the judgment thus rendered and signed, defendant appealed.
From our review of the record, we find that the judgment is regular and valid on its face. There is nothing in the record that would tend to show otherwise. Not even in brief filed in this court does defendant contend it does not owe the debt or that its payment is not secured by- the lien asserted by plaintiff. Moreover, defendant does not claim it has any defense against the merits of this cause.
Nevertheless, in brief and in affidavits attached thereto, defendant concedes it was through oversight on its counsel’s part that an answer was not timely filed in this cause, as was previously done in three similar cases instituted by other creditors through plaintiff’s counsel against defendant. It was contended, however, that by an understanding between counsel this cause would be tried with the others. In the alleged interest of justice, defendant would have the default judgment set aside and this cause remanded for trial.
Counsel for plaintiff-appellee emphatically denies in plaintiff’s brief that he had any understanding with defendant’s counsel that this cause was to be set for trial and tried along with the other suits. Moreover, it is contended that the filing of the answers in the other suits was merely perfunctory and, further, that defendant did not in fact defend those actions. It is also alleged that after liens were filed representing amounts exceeding $50,000.00, a conference was held with defendant’s accountant wherein the accounts were reconciled and the amount due plaintiff in the instant case was determined.
Defendant cites Pfeiffer v. Hemisphere International Corporation, 153 So.2d 467 *811 (La.App., 4th Cir., 1963), in which our brethren of the Fourth Circuit set aside a default judgment and remanded the case for trial on concluding that enforcement of the judgment would be inequitable and unconscionable.
Counsel for plaintiff distinguishes the Pfeiffer case from the instant case because there defendant’s counsel had vigorously defended the rights of defendant, filing and urging exceptions, but after the exceptions were overruled neglected to file an answer.
We recognize the well-established principle that a new trial should be granted in cases where the enforcement of the judgment would be inequitable and unconscionable.
Consideration has been given to the contentions of both plaintiff and defendant, as set forth in their briefs, solely for the purpose of determining whether a sufficient showing has been made that the enforcement of the judgment would be so inequitable or unconscionable as to warrant the annulment of the judgment and remand of the cause for a new trial. We find that no such showing has been established.
In Community Construction Company v. Scott, 235 So.2d 168 (La.App., 4th Cir., 1970), the court had before it a question of the alleged breach of an agreement between counsel on a violation of a tacit understanding that a default would not be confirmed without advance notice to opposing counsel. The court considered an affidavit attached to appellant’s brief for the limited purpose of determining if a showing had been made in such extraordinary circumstances as to warrant the exercise of the discretion of the court to set aside the judgment and remand the case for trial. There it was concluded that such action was not justified. The court pointed out that:
“The orderly administration of the judicial process requires the enforcement of rules of procedure. When judgments have been entered in accordance with the rules of procedural law they must be given finality or the judicial process will be thrown into chaos. If the judgment was obtained through fratid or other ill practice, there is an adeqiiate remedy at law for the defendant’s relief. LSA-C. C.P. art. 2004.” (Emphasis supplied.)
235 So.2d 170.
The article of the Code of Civil Procedure referred to recites, in pertinent part:
“A final judgment obtained by fraud or ill practices may be annulled.”
Thus, in an action to annul the judgment an opportunity would be afforded both plaintiff and defendant to offer evidence in support of their opposing contentions. In so doing, the court would have before it, as the basis for its judgment, facts instead of the mere contentions of the parties.
Hence, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.