JUDGMENT ON REHEARING
BOUTALL, Judge.
This is an appeal by a manufacturer from a judgment awarding a workman damages based on product liability, amended to include payment by preference of worker compensation benefits paid. We affirm the judgment.
This matter comes before us on rehearing after a rather long and tortuous process through the courts. In brief, Edward Magee, a forty-two year old manual laborer, brought suit against the manufacturer of a concrete saw, appellant Desa Industries, Inc. and others for damages and injuries arising out of the operation of the saw. After a lengthy trial, judgment was rendered on January 13, 1981 in favor of Desa Industries dismissing plaintiff’s suit. Thereafter new trial was granted and at the conclusion of that trial, the court rendered judgment on December 1, 1981 in favor of plaintiff Edward Magee against Desa Industries in the amount of $309,-174.26, which was later amended by stipulation to provide for reimbursement by *844 preference out of this amount to Magee’s worker’s compensation insurer. On this appeal we originally rendered a judgment decreeing that the motion for new trial came too late, that the first judgment became executory, and there was no jurisdiction for us to entertain the appeal from the second judgment. 434 So.2d 421.
Magee then applied to this court for a rehearing presenting us with a statement by the trial judge which indicated that the new trial may have been timely granted. Accordingly, we granted rehearing and remanded this matter to the trial court for a factual determination of the events surrounding the new trial. This matter is now back before us.
For the reasons expressed in our original decree, the motion for new trial filed by the plaintiff came too late. However, the evidence obtained on remand causes us to conclude that the controlling date for the grant of new trial was not the date upon which the mover’s attorney actually filed the motion for a new trial, but the date of January 20, 1981 on which date there was a conference between the mover’s attorney and the judge. At that conference, the judge realized that there was some confusion as to the evidence in this case and decided to grant a new trial, so notifying the attorney. Apparently the judge concluded that a new trial should be granted because this was a case in which enforcement of the judgment would be inequitable and unconscionable and the later hearing confirmed his belief. See for comparison Pfeiffer v. Hemisphere International Corp., 153 So.2d 467 (La.App. 4th Cir.1963) and Hairston v. Monroe Gas Corp., 308 So.2d 809 (La.App.2nd Cir.1975).
By virtue of Code of Civil Procedure article 1971, the trial judge is authorized to grant a new trial on his own motion. However, in this case nothing was placed in the record except the formal later-filed motion of the attorney, which afforded opposing party a chance to be heard on the issue. The grant of a new trial is not a final judgment which requires the formalities of a final judgment under the provisions of C.C.P. arts. 1911 and 1841. We hold that the judge’s determination on January 20, 1981 is controlling as to the grant of new trial. Because that date is within the time allotted for grant of new trial, the subsequent new trial was timely applied for.
Accordingly, we hold that our original decree was in error and that this court does have jurisdiction to entertain the merits of the appeal from the judgment of December 1, 1981.
ON THE MERITS
Plaintiff Edward Magee was an unskilled laborer employed by Young America Corporation on one of their construction sites. His duties were mainly cleaning and sweeping with odd chores as he may be called upon to do. On January 17, 1984, he was asked to use a rented concrete saw to cut an improperly laid slab, and while he was so engaged, the cutting wheel shattered and a portion of it lodged in Magee’s forehead. The resulting injuries and damages formed the basis of this law suit.
Magee filed suit against the manufacturer of the saw, Desa Industries, Inc., the manufacturer of the blade guard, Bodine Aluminum, the manufacturer of the abrasive cutting wheel, Edmar Abrasive, the renter of the saw, Jefferson Rental (J.R. Equipment Corporation), and the supervisor who ordered him to use the saw. The other defendants were dismissed from plaintiff’s suit, and plaintiff proceeded to trial only against Desa Industries, the manufacturer. From an adverse judgment in the amount of $309,174.26, Desa appeals.
In arriving at this judgment, the trial judge rendered detailed and cogent reasons both in fact and in law upon which he based the judgment. We agree with both his reasons and the applicable law and we affirm. In reaching this determination, we have considered the factual findings of the trial court not by the usual standard of appellate review, i.e. whether the findings of the trial court are manifestly erroneous, but upon the standard of whether there is a *845 preponderance of the evidence in support thereof. Our examination of the evidence causes us to conclude that there is a preponderance in favor of plaintiff.
The basis of Magee’s suit is that Desa Industries manufactured a concrete saw which contained a defective blade guard. When the abrasive wheel or blade flew apart while Magee was cutting the concrete, a portion of the blade went through the guard and flew up lodging in plaintiffs head. The overwhelming evidence shows this to be a fact.
The standard which sets out the liability of a manufacturer is stated in Weber v. Fidelity and Casualty Insurance Company, 250 So.2d 754 (La.1971). We quote at pages 755 and 756:
“[1, 2] A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiffs injuries were caused by reason of the defect. (Citations omitted)
“[3] If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them.” (Citations omitted)
As we view the evidence, the blade guard furnished by Desa with its machine was made of an aluminum alloy which was simply not strong enough to withstand the impact of an exploding wheel, permitting a shard of the blade to pass through and injure the user of the machine. The safety standards show that the composition of the safety guard is preferred to be of iron or steel, and that if other material is used, that materia] must still have enough strength to withstand passage of the wheel through it. The evidence shows that it is common knowledge that the abrasive wheels do fly apart because they are composed of an abrasive material bonded together by a bonding agent. Accordingly care must be taken to prevent broken parts from flying around because of the great speed at which the wheel is rotated. Indeed, a flying piece of wheel may be compared to a speeding bullet or similar projectile.
Nevertheless, defendant argues that its blade guard is sufficient to protect the operator, and suggests to the court that somehow the blade guard was damaged due to the use given it after being purchased by Jefferson Rental, and that they are relieved of liability either through negligent care or operation, or failure to correct prior damage. While these suggestions are possibilities, there is no evidence to show that any of them occurred. Additionally, if Desa’s position is that the blade guard could be easily damaged by being knocked out of position, or weakened because of prior contact with the abrasive material striking it, then Desa is under an obligation to warn purchasers and prospective users of these foreseeable dangers so that they may be reasonably avoided. See Chappuis v. Sears Roebuck and Company, 358 So.2d 926 (La.1978). The evidence preponderates that the blade guard was defective and unreasonably dangerous to normal use, and we so hold.
Similarly, we do not find contributory negligence on the part of plaintiff Magee. He was an untrained operator and this is the first time he ever attempted to operate such a machine. There is a considerable question as to how deep a cut Magee was attempting to make with the machine and whether that operation may have caused the wheel to fly apart. The evidence does not show that his operation was so improper as to cause the wheel to fly apart. The testimony of his co-workers would seem to corroborate that he was operating it within *846 normal procedural limits. In any event, the guard should have been designed to prevent penetration of a breaking wheel through the guard and from that standpoint alone, it matters little what caused the wheel to break. We find the use of the machine to be within the foreseeable application by its prospective users.
For the foregoing reasons, we hold that Desa Industries is liable to plaintiff for his injuries, and we also affirm the trial judge’s conclusion as to the amount.
Magee was 42 years old when the piece of saw blade struck him in the forehead penetrating into the right frontal lobe of his brain. The trauma caused the loss of some brain tissue, and the operation required the removal of more brain tissue. He was subsequently hospitalized to install a plastic plate where a portion of his skull was removed.
During his hospitalization he developed an acute organic brain syndrome and became violent necessitating psychiatric treatment. He has been treated intermittently since his accident by several doctors, and has been a patient at the Veterans Administration Hospital. Both the medical and lay testimony show that he continues to suffer from epileptic seizures, some Grand Mai seizures and some of lesser degree despite his medication. One such seizure caused him to lose control of his automobile while driving and have a collision. In other episodes, he has fallen, receiving slight injuries, in addition to which he sometimes bites his tongue and lips during seizures. The evidence shows that he is effectively prevented from work because of these seizures, and that he will have to refrain from placing himself in dangerous positions when a seizure may occur. He will be required to be on medication for the rest of his life to control the seizures, and this imposes further restraints upon his personal habits and life style.
The trial judge awarded Magee damages for loss of past and future wages, past and future medical expenses, past pain and suffering and future pain and suffering, together with loss of brain tissue, epileptic seizures, headaches, loss of memory and personality changes, for sums which he itemized amounting to a total of $309,-174.26. We do not see the necessity of going into these various items in great depth because they are obviously supported by the record and within the trial judge's discretion.
The last issue for our resolution is the contention of appellant Desa Industries that this damage award should be reduced because the other defendants were jointly liable with Desa. The plaintiff settled with the other defendants prior to suit and proceeded solely against Desa. As a result, Desa reasons that it is only responsible for its virile share.
Our examination of the record does not support Desa’s argument. The preponderance of the evidence shows that Desa was liable for manufacturing a defective concrete saw, in that the blade guard was insufficient and unreasonably dangerous. There is no showing that Bodine, which actually made the blade guard for Desa, made it in any way other than under Desa’s specifications. There is no evidence that the saw blade itself was defective and there is no responsibility upon Edmar, the manufacturer of the blade. There is no evidence that Jefferson Rental caused the saw to be defective or caused it to be damaged such as to make it dangerous or cause the particular accident complained of. Accordingly, there is no basis upon which Desa can be said to be jointly liable with any of the other three defendants. Desa argues that because of the lateness of settlement, i.e. the original trial date, that it was handicapped in its attempt to produce such evidence. However, this trial took place over a period of months and the new trial was not had until an even greater period of months. At that time it was submitted upon the record as already taken. Certainly Desa cannot complain of lack of opportunity at this time.
For the reasons enumerated above, the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.