466 So.2d 500 (1985)
SUCCESSION OF Donald F. BLYTHE.
No. 85-CA-93.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1985.
Rehearing Denied April 17, 1985.
Writ Denied May 31, 1985.
Louis H. Schultz, Metairie, Jessee S. Guillot, Frederick Burkart, New Orleans, for appellant, Carol Blythe.
Rene R. Nicaud, New Orleans, for appellee Diana Blythe.
John F. Caraway, New Orleans, for defendant and appellee.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
*501 DUFRESNE, Judge.
This matter is before us on a motion, ex proprio motu, to dismiss the appeal as untimely filed.
The pertinent dates and facts are as follows:
1) June 21, 1984Judgment signed and filed by trial judge;
2) June 21, 1984Notice of Judgment issued by the Clerk of Court;
3) July 3, 1984Counsel for appellant filed a Motion for a New Trial;
4) July 20, 1984Motion for New Trial granted by Trial Judge;
5) October 17, 1984Stipulation by counsel to submit Motion for New Trial on memorandum;
6) Nov. 14, 1984Judgment rendered denying the Motion for New Trial;
7) Dec. 6, 1984Motion for Suspensive Appeal filed.
Louisiana Code of Civil Procedure Article 2087 prescribes the time for taking a devolutive appeal and indicates that a party's appeal period does not begin to run until expiration of the new trial delay.
La.C.C.P. art. 1974 provides;
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Under this article, appellant's new trial delay began to run on June 22, 1984, the day after the judgment was mailed by the Clerk of Court. The new trial delay expired on July 2, 1984. Appellant did not file his motion until July 3, 1984, therefore the application for a new trial was untimely.
Since there was no timely Motion for a New Trial, appellant's 60 day period allowed for devolutive appeal began to run on July 3, 1984. La.C.C.P. art. 2087(1). This devolutive appeal period expired on September 4, 1984. Appellant's appeal was not filed before December 6, 1984, which is well beyond the deadline date.
Appellant contends that no opposition was made that his application for new trial was untimely filed. Also, had the trial court denied the application for a new trial, then the appeal could have been timely filed. In essence, he argues that the granting of the application for a new trial by the trial court should be considered an interruption of the delay period for taking a devolutive appeal.
Although we recognize the plight of the appellant herein and the harshness of the results of his late filing, the law and the jurisprudence is quite clear that an untimely application for a new trial does not affect, interrupt or extend the delay for timely taking an appeal. Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir.1977).
Furthermore, procedural law should be strictly construed and applied when it is free and clear from ambiguity.
Until there is some legislative change in La.C.C.P. art. 1974, we must give full effect to its provisions and hold that appellant's new trial delay commenced to run on the day after the judgment was mailed by the Clerk of Court.
For the foregoing reasons, the appellant's appeal was untimely and this court has no jurisdiction to review the case. The appeal is dismissed at appellant's cost.
APPEAL DISMISSED.
BOUTALL, J., concurs with written reasons.
BOUTALL, Judge, concurring:
I concur in the opinion. Appellant relies on Lambert v. Kelley, 270 So.2d 532 (La. 1972) but does not present facts which would support that result or that may support a remand for an evidentiary hearing. See for comparison Magee v. Jefferson *502 Rental, 454 So.2d 842 (La.App. 5th Cir. 1984).