CHEHARDY, Chief Judge.
This is an appeal in a much-litigated succession contest between the decedent’s daughter, born of his first marriage, and his widow, who was his second wife. At issue on this appeal is a judgment rendered on September 16, 1986 that declared the widow to be owner of the entire disposable portion of the decedent’s estate.
Donald F. Blythe died on February 22, 1982, leaving an olographic will dated November 12, 1978, in which he established testamentary trusts for both his widow (Carol Sicard Blythe) and his daughter (Diana Dawson Blythe). The value of his estate exceeded $235,000, more than two-thirds of which was separate property. The ultimate result of the testament was to make the widow the usufructuary .of the *285 entire estate and the daughter the naked owner, with both interests placed in trust.
The will contained the following relevant provisions:
First, the testator established a trust, comprising all his community property and one-half his separate property (as well as, in the testator’s words, “all of the forced portion of my estate to which my daughter, Diana D. Blythe, is entitled”), with his daughter as beneficiary.
Second, he established a trust, comprising the usufruct of one-half of his separate property, with his wife as income beneficiary until her death or remarriage, giving the trustee “sole and absolute discretion ... to dispose of the principal of the trust in any manner he deems it necessary or desirable for the benefit of my wife, Carol Sicard Blythe.” Upon the death or remarriage of his wife, the remaining principal was to be paid either to his daughter’s trust or directly to his daughter, if she had reached age 25.
Third, he stated that, despite any other provisions in the will, he desired his wife to have the usufruct of all his property until her death or remarriage, subject to the trust.
Fourth, he stated that when his daughter attained the age of 25, all the principal of her trust would be paid to her, subject to the usufruct in favor of his wife; he granted the trustee “sole and absolute discretion” to terminate any part or all of the trust at any time prior to his daughter’s 25th birthday.
Fifth, he gave the trustee “sole and absolute discretion ... to dispose of the principal, if that is not at variance with the laws of the State.”
The will also contained other provisions not at issue on this appeal, as well as a codicil. (See Appendix for complete text of will.)
A few months after the succession proceedings were begun, -the daughter filed a suit in which she attacked the will on several grounds. The only ground pertinent to the matter now before us is her assertion that the usufruct granted to the widow impinged on the daughter’s legitime, in violation of LSA-C.C. art. 890.
On January 12, 1984, the district court ruled, among other things, that the usu-fruct did not violate C.C. art. 890. On the daughter’s motion, however, the district court granted a new trial. On June 21, 1984, judgment on the motion for new trial was rendered. That judgment reversed the court’s earlier ruling regarding the usu-fruct, ordering that “there be no usufruct given to the defendant, Carol Sicard Blythe, over that portion of decedent’s estate inherited by plaintiff, Diana Dawson Blythe.”
The widow filed a motion for new trial, which ultimately was denied. She then filed an appeal with this court, but her appeal was dismissed as untimely. Succession of Donald F. Blythe, 466 So.2d 500 (1985). The Supreme Court denied writs. Succession of Donald F. Blythe, 469 So.2d 985 (1985).
The widow subsequently filed a motion for reconsideration of the usufruct ruling, which the district court denied summarily. She again appealed to this court; we again dismissed her appeal, stating, “[T]he motion labeled ‘Motion for Reconsideration’ was nothing more than a motion for a new trial which has twice been denied by the trial court. There is no appeal of right from a motion for a new trial.” Succession of Donald F. Blythe, No. 86-CA-136, April 1, 1986. The Supreme Court again denied writs. Succession of Donald F. Blythe, 489 So.2d 921 (1986).
Thereafter, the widow filed a pleading entitled “Rule to Show Cause,” in which she asserted that, by seeking to have the usufruct declared invalid, the daughter had made an election to receive her forced portion in full ownership and to abandon the disposable portion, as provided by LSA-C. C. art. 1499. The widow requested “a companion judgment to the judgment of June 21, 1984, declaring [the widow] to be the owner of the disposable portion of this estate, being ¾ of same.”
By judgment rendered on September 16, 1986, the district court ruled, among other *286 things, that the widow “be and is declared to be the owner of the disposable portion of decedant’s estate.” From that ruling, the daughter has appealed.
The daughter’s specifications of error may be condensed into two major objections: first, that the issue is made res judicata by the June 21, 1984 judgment; alternatively, that C.C. art. 1499 is not applicable because the widow failed to prove that the value of the usufruct exceeds the value of the disposable portion.
Civil Code art. 1499 provides,
“If the disposition made by donation inter vivos or mortis causa, be of a usufruct, or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option, either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.”
There has been little jurisprudence interpreting this article. The primary case is Succession of Hyde, 292 So.2d 693 (La. 1974). In that case the testator granted his second wife a usufruct of all his property. His forced heirs, the product of his first marriage, sought a declaratory judgment reducing the bequest to a usufruct of one-third of the estate. Finding C.C. art. 1499 applicable, the Supreme Court stated, at 697,
“A special rule has been placed in the Code to allow the forced heir his legitime when it has been burdened by a usufruct. Under article 1499, the forced heir has the option ‘either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.’ This article has been in the Codes of Louisiana since 1808 and does no violence to the institution of forced heirship as it preserves to the forced heir his legitime free of the offending usufruct. However, it is preserved for him at no small cost, i.e., the abandonment of the disposable portion in full ownership. It is clear beyond any doubt that the redactors of the Code intended to allow a usufruct to burden a legitime, but at the same time they gave effect to the right of the forced heir to receive his legitime free of the usufruct. Of all the charges and conditions a testator could devise to place on the legitime, only the usufruct is sanctioned. And then it is sanctioned at the option of the forced heir for he can always take his legitime free of the usu-fruct by abandoning to the donee the disposable portion in full ownership. Such is the price which must be paid for frustration of the testator’s will in this regard.”
We find no merit to the daughter’s contention that the June 21,1984 judgment is res judicata on this issue. The wording of the judgment is broad, stating simply that the widow has no usufruct over the portion inherited by the daughter. Further, there is nothing in either the record or the reasons for judgment to indicate that the district judge ever considered C.C. art. 1499 before rendering the June 21, 1984 judgment.
Based on the record before us, and considering that the judge who rendered the judgment now on appeal was the same judge who rendered the June 21,1984 judgment (and who would have known what was in his own mind in rendering the prior judgment), we conclude the issue of abandonment of the disposable portion by the daughter was not settled by the June 21, 1984 judgment.
Contrary to the daughter’s arguments, the widow’s rule to show cause regarding the Article 1499 option was not a rehashing of the earlier motions for new trial. Rather, it was in the nature of a motion for partial summary judgment or for a declaratory judgment on the Article 1499 issue. Although it was incorrectly titled, we are required to construe pleadings so as to do substantial justice. The trial judge did not err in ruling on the merits of the question.
Regarding whether the widow was required to show that the value of the usufruct exceeded the value of the disposable portion, we refer again to Succession of Hyde:
*287 “A question which arises is whether or not the forced heir may exercise the option of article 1499 only if the value of the usufruct exceeds the value of the disposable portion (as a literal reading of the article would seem to require ...), or if the option is his whenever the usufruct burdens his legitime. The Louisiana cases discussing this question have held that there is no need to first value the usufruct. [Citations omitted.] In fact in Braswell, article 1499 was explained as being in the Code to avoid the need to value usufructs which burden legitimes. * * * a
292 So.2d at 697, note 4.
Applying the Hyde case here, the widow was not required to prove that the value of the usufruct exceeded the value of the disposable portion. See also, Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3 Cir. 1976), writ denied 342 So.2d 217 (La.1977).
Under the facts before us, it is clear that, by challenging the usufruct bequeathed to Carol Sicard Blythe by Donald F. Blythe, Diana Dawson Blythe elected to receive her legitime in full ownership and thereby abandoned the disposable portion to Carol Blythe.
In the appellee’s brief, the widow has requested this court to decree that the forced portion received in full ownership by the daughter is composed solely of separate property. The appellee neither appealed nor answered the appeal, however. Accordingly, we cannot consider the widow’s request, assuming it is otherwise within the scope of the pleadings before us.
For the foregoing reasons, the judgment of the district court is affirmed and the matter is remanded to the district court for further proceedings in the succession. Costs of this appeal are assessed against the appellant, Diana Dawson Blythe.
AFFIRMED AND REMANDED.
APPENDIX
[The following is a typed transcription of the testator’s handwritten will.]
Testamentary Trust of Donald Forbes Blythe 11/12/78
I, Donald Forbes Blythe, do make this my last will and testament, hereby revoking all previous wills and codicils.
I have been married twice, first to Lillian Richardson, from whom I was divorced in 1967, New Orleans, La., and second to Carol Sicard Blythe with whom I am presently living and residing at Metairie, La. I have one child, Diana Dawson Blythe by my first marriage. No children were bom of my second marriage. I was not adopted nor have I adopted anyone. Both my parents are dead. I have two brothers, Joseph A. Blythe Jr. and John I. Blythe, and no sisters.
Item 1st I hereby direct my executor, hereinafter named, to pay all my debts and funeral expenses.
Item 2nd I hereby give and bequeath to Sandmann G. Davies, 1456 Arabella St., New Orleans, La., as Trustee, all of the community property of which I die possessed, one-half of the separate property of which I die possessed and all of the forced portion of my estate to which my daughter, Diana D. Blythe, is entitled under the laws of the State of Louisiana, in trust, with my daughter Diana D. Blythe, as beneficiary.
Item 3rd I hereby give and bequeath to Sandmann G. Davies, as Trustee, the usufruct of one-half of all the separate property of which I die possessed, in trust with my wife Carol Sicard Blythe as income beneficiary until her death or remarriage. On the death or remarriage of my wife, Carol S. Blythe, I desire that all of the remaining principal of this trust shall be paid to my daughter’s aforementioned trust, or if she has reached the age of twenty-five years, to her directly. If my daughter predecease my wife I desire that, on the death or remarriage of my wife, the principal of this trust be paid to my brothers, Joseph A. Blythe, Jr. and John I. Blythe or their heirs in equal shares. The trustee shall have, at his sole and absolute discretion, the right to dispose of the principal of the trust in any manner he deems it necessary *288 or desirable for the benefit of my wife, Carol Sicard Blythe.
Item 4th Nothing to the contrary withstanding in Items 2nd and 3rd I desire that my wife, Carol Sicard Blythe, have the usufruct of all the property of which I die possessed, but in trust as set forth in Item 3rd, until her death or remarriage.
Item 5th When my daughter, Diana D. Blythe, attains the age of 25 years, then I desire that all of the principal of her trust shall be paid to her, subject to the usufruct in Item 4th, reserving unto the Trustee, at his sole and absolute discretion, the right to terminate any part or all of the trust at any time prior to my daughter’s twenty-fifth birthday.
Item 6th In the event that my daughter, Diana D. Blythe, should predecease me, then I give and bequeath to my wife, Carol Sicard Blythe, the usufruct of all my property, separate and community, until her death or remarriage, at which time it is to be given to my brothers, Joseph A. Blythe Jr. and John I. Blythe, in equal shares.
Item 7th The trustee shall serve without bond or security and without compensation.
Item 8th If Sandman G. Davies resigns, dies or is unable to act as Trustee I hereby appoint John I. Blythe as first alternate trustee and Joseph A. Blythe, Jr. as second alternate trustee to serve in his stead and to have the title, powers and discretion herein given in the trust set forth in Items 2nd and 3rd.
Item 9th The Trustee shall have, at his sole and absolute discretion, the duties and rights of a trustee as set forth in the laws of the State of Louisiana even the right to dispose of the principal, if that is not at variance with the laws of the State.
Item 10th I hereby name, constitute and appoint Sandmann G. Davies to be Executor of my estate with full seizin and without bond or security.
Thus signed by me, Donald Forbes Blythe, Testator, this 12th day of November, 1978.
August 20, 1979
Codicil to the Last Will and Testament of Donald F. Blythe
In the event of my death I wish that any just debts which I have incurred to my brothers, Joseph A. Blythe and John I. Blythe by virtue of any moneys temporarily borrowed from our joint account No. 02-17-3749-6, Hibernia Bank in New Orleans, and not paid back at the time of my death, be settled either by insurance proceeds which will be payable to my estate or from my share of property inherited from my father and mother. These amounts are to take 1st precedence before any of my estate is distributed in any manner.