609 So.2d 1013 (1992)
Irma H. SUAREZ
v.
Joy MODICA, Liberty Lloyds & State Farm Mutual Automobile Insurance Company.
No. 92-CA-639.
Court of Appeal of Louisiana, Fifth Circuit.
November 24, 1992.
*1014 Maria I. O'Byrne Stephenson, Lisa C. Matthews, Earl N. Vaughan, Catherine I. Chavarri, New Orleans, for plaintiff/appellant, Irma H. Suarez.
James J. Donelon, Donelon, Faust & Donelon, Metairie, for defendant/appellee, Joy Modica and Liberty Lloyds Ins. Co.
Matthew J. Ungarion, David I. Bordelon, Patrick J. Sanders, Metairie, for defendant/appellee, State Farm Mut. Auto. Ins. Co.
Before BOWES, GRISBAUM and CANNELLA, JJ.
BOWES, Judge.
Plaintiff, Irma Suarez, has appealed a judgment of the district court dated January 24, 1991 denying her motion for a judgment notwithstanding the verdict but granting her alternative motion for a new trial. She has, in the same pleading, alternatively requested to appeal devolutively from the original judgment of the trial court dated October 2, 1991, following the jury verdict in the case. State Farm Mutual Automobile Insurance Company also appeals solely from the judgment of January 24, 1991. We note several jurisdictional problems.
A judgment granting a motion for a new trial is a non-appealable interlocutory judgment. Magee v. Jefferson Rental, et al., 454 So.2d 842 (La.App. 5 Cir.1984); Bazore v. Transit Cas. Co., 494 So.2d 1386 (La.App. 3 Cir.1986). Denial of a motion for judgment notwithstanding the verdict is similarly an interlocutory non-appealable judgment. Regan v. Bandeaux, 532 So.2d 418 (La.App. 3 Cir.1988); Granger v. State Farm Mutual Automobile Insurance Co., 514 So.2d 502 (La.App. 3 Cir.1987). We are therefore without jurisdiction to hear appeals on the judgment of January 24, 1992.
In regard to plaintiff's alternative appeal from the original judgment of October 2, 1991, that judgment was vacated when the new trial was granted. Mitchell v. Windham, 426 So.2d 759 (La.App. 3 Cir. 1983); Abney v. Allstate Ins. Co., 442 So.2d 590 (La.App. 1 Cir.1983). Because a new trial is pending we do not have a final judgment before us from which an appeal can be taken. See Abney, supra; Carrier Leasing Corp. v. Ready-Mix Co., Inc., 372 So.2d 601 (La.App. 4 Cir.1979).
However, in the interest of justice and judicial economy, we consider the "appeal" as an application for supervisory writs, Gunter Oceanic Fleet, (No. 92-CA-406, La.App. 5 Cir.1992).
With regard to the judgment granting a new trial, we find no abuse of discretion. As the trial court found, the interrogatories to the jury were misleading and it does not appear that a judgment notwithstanding the verdict is the appropriate redress:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
Therefore, a new trial is the proper remedy.
For the foregoing reasons, the appeals of the parties are dismissed. Further, the writ application is without merit.
WRITS REFUSED.