laCANNELLA, Judge.
Plaintiff, Willie L. Calhoun, Jr., appeals[1] from a judgment in favor of defendants, Susan Deslattes, Clement Deslattes and State Farm Mutual Automobile Insurance Company (State Farm), granting defendants’ motion for a new trial. For the reasons which follow, we affirm the district court judgment.
Plaintiff was involved in an automobile accident on June 15, 1992, in which his vehicle was rear-ended by a vehicle driven by defendant, Susan Deslattes. State Farm is the liability insurer of defendants, Susan and Clement Deslattes. |3On June 11, 1993, plaintiff, in proper person, filed suit against defendants. Negotiations took place between plaintiff and the State Farm agent, Robert Hudson. No answer was filed in the lawsuit by defendants and on November 18, 1993 a preliminary default was taken by plaintiff. Thereafter, on February 10, 1994 plaintiff confirmed the default, and a judgment was rendered awarding plaintiff $101,-903.35, plus interest from the date of judicial demand and costs. A Notice of Judgment was served on defendants on February 14, 1993. Defendants filed a motion for new trial on February 16, 1994.
In the motion for new trial, defendants contended that negotiations between plaintiff and State Farm were active and ongoing and that on November 4, 1993, the parties had agreed to an indefinite extension of time to answer while plaintiff secured a medical report and forwarded it to State Farm. Plaintiff denies any such conversation with the State Farm agent and State Farm produced a copy of a letter written by Robert Hudson to plaintiff confirming the November 4th conversation regarding the extension for the answer and the anticipated medical report. On April 7, 1994 the trial court rendered judgment granting the motion for new trial. In reasons for judgment, the trial court noted that its decision furthered the interests of justice and was based on a belief that State Farm was negotiating with plaintiff in good faith. The trial court obviously believed defendants’ rendition of the facts. It is from this judgment that plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in granting the new trial because defendant did not establish good cause for not filing its answer timely.
La.C.C.P. art. 1973 provides:
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
|4It is well settled that, in cases such as this one involving a motion for new trial after a default judgment, public policy considerations weigh in defendant’s favor, that every litigant should be allowed his day in court. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989); Lamb v. Lamb, 430 So.2d 51 (La.1983). New trials should be granted in such cases in the interest of justice and are left largely to the discretion of the trial *995 judge. Thibodeaux, supra. Two important reasons for deferring to the trial judge’s discretion are that she personally observed the witnesses and had a superior opportunity to get “the feel of the ease.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). A new trial should be granted when the trial judge, exercising her discretion, is convinced by her examination of the facts that the judgment would result in a miscarriage of justice. Lamb, supra.; Tudela v. Broussard, 581 So.2d 1068 (La.App. 5th Cir.1991).
In the instant case, the trial judge granted the preliminary default, confirmed the default, granted the motion for new trial and determined that “[i]n the interest of justice” the new trial should be granted. We find nothing in the record before us to indicate that the trial judge abused her discretion and, therefore, find no reversible error in her judgment.
Accordingly, for the reasons stated above, the judgment of the trial court, granting the motion for new trial is affirmed. Costs of appeal are to be paid by plaintiff.

AFFIRMED.

. A judgment granting a motion for a new trial is a non-appealable interlocutory judgment. Suarez v. Modica, 609 So.2d 1013 (La.App. 5th Cir. 1992). However, since briefs have already been filed and the case has been docketed for argument, in the interest of justice and judicial economy, we will consider the matter as an application for supervisory writs. Suarez, supra.