658 So.2d 724 (1995)
Walter JOHNSON, Plaintiff-Appellant,
v.
EAST CARROLL DETENTION CENTER, et al., Defendants-Appellees.
No. 27,075-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*725 David A. Hilburn, Bossier City, for appellant.
William R. Coenen, Jr., Rayville, Freeman R. Matthews, Metairie, for appellees.
Before MARVIN, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
Walter Johnson filed this suit against East Carroll Detention Center and its insurer for damages arising from injuries sustained while he was an inmate at the facility. The trial court sustained an exception of no cause of action and dismissed the case with prejudice. Johnson filed a motion for appeal, which the trial court denied as untimely. We granted an application for supervisory writs and ordered the trial court to determine whether Johnson had been properly served with notice of the judgment of dismissal. Johnson now appeals the trial court's determination that service was sufficient. We reverse.

BACKGROUND
On March 23, 1991, Walter Johnson was an inmate at the East Carroll Detention Center in East Carroll Parish. He alleges that he was ordered to deliver a tray of food to a guard tower while it was raining. After delivering the tray, Johnson slipped and fell as he was descending the wet steps. He further contends that as a result of the fall, his shoulder was seriously injured, requiring surgery and hospitalization.
At sometime after the accident, Johnson was transferred to Wade Correctional Center in Claiborne Parish. In February 1992, Johnson filed a petition for damages, in proper person, naming East Carroll Detention Center, which he described as a corporation, and its insurer as defendants. The Sheriff of East Carroll Parish, Dale S. Rinicker, filed *726 peremptory exceptions of no cause of action and no right of action. Rinicker asserted that the case should be dismissed because "East Carroll Detention Center" is not a legal entity and the petition failed to name Rinicker as a defendant.
A hearing was held on the exceptions on January 14, 1993. Although Johnson was served with notice of the hearing, he was not present and was not represented by counsel. On January 20, 1993, the judge signed an order sustaining the exception of no cause of action and dismissing the case with prejudice. The clerk of court requested that service of the judgment be made upon Johnson at Wade Correctional Center.
On February 10, 1993, Johnson filed an objection to the exceptions and a motion to amend the petition to name Dale S. Rinicker as a defendant. The trial court denied the motion, noting that the case had been dismissed with prejudice in January 1993. According to Johnson, he was not informed that his case had been dismissed until this motion to amend was denied. By letter dated March 9, 1993, Johnson notified the clerk of court that he had not received a copy of the judgment of dismissal and requested a copy so that he could file an appeal.
On May 5, 1993, Johnson filed a motion for devolutive appeal and a notice of intention to seek supervisory writs. The trial court denied the motion for appeal as untimely. This court granted Johnson's writ application and ordered the trial court to conduct a hearing to determine the sufficiency of the service of notice of judgment of dismissal.[1]
In compliance with our instructions, the trial judge set a hearing on the matter for August 11, 1993. Although Johnson was released from prison in July 1993, he was not present at the hearing. The trial judge rendered judgment, maintaining the judgment of dismissal. In his reasons for judgment, he stated that in addition to evidence that Johnson was served in accordance with LSA-C.C.P. Art. 1235.1, the judge's office mailed a copy of the judgment of dismissal to Johnson on or about March 9, 1993. Thus, the trial court concluded that because Johnson had been sent a copy of the judgment, rather than mere notice of the signing of judgment, he received greater notice than required pursuant to LSA-C.C.P. Art. 1913. The trial court's judgment maintaining the January 20, 1993 judgment, effectively holds that service of the January 20, 1993 judgment was sufficient, and that the May 5, 1993 motion for appeal was properly denied as untimely. On appeal, Johnson challenges these adverse rulings as erroneous.

DISCUSSION
Johnson argues that the trial court erred in finding that the service of the judgment of dismissal was proper, and, consequently, erred in denying his initial motion for appeal.[2]
The pertinent provisions of LSA-C.C.P. Art. 1913, setting forth the requirements for notice of judgment, are as follows:
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
C. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Additionally, LSA-C.C.P. Art. 1235.1 provides that service is made on a person who is incarcerated:
... through personal service on the warden or his designee for that shift. The warden or his designee shall in turn make *727 personal service on the person incarcerated. Proof of service shall be made by filing in the record the affidavit of the person serving the citation and pleadings on the person who is incarcerated.
The delay for applying for a new trial and for appealing is triggered by the actual mailing of notice of judgment or a copy of the judgment. Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982). When notice of judgment is required, the delay for filing an application for a new trial commences to run the day after the clerk has mailed, or the sheriff has served, the notice of judgment. LSA-C.C.P. Art. 1974. The delay for taking an appeal does not begin to run until the expiration of the new trial delays. LSA-C.C.P. Arts. 2087, 2123. Any actual knowledge of the signing of the judgment outside the record and absent compliance with the mailing or service requirement, is not sufficient to cause the new trial and appeal delays to commence. Draper v. Draper, 554 So.2d 79 (La.App.2d Cir.1989); Haywood, supra.
The clerk of court was required, by LSA-C.C.P. Art. 1913, not only to mail a notice of the judgment to Johnson, but also to certify in the record the date on which such notice was mailed.[3] The trial court found that on January 20, 1993, the clerk's office mailed two certified copies of the notice of signing of judgment to defense counsel; however, there was no entry indicating that a copy was mailed to Johnson. Although the trial judge stated that his office mailed a certified copy of the judgment to Johnson on or about March 9, 1993, such is not sufficient notice to cause the new trial and appeal delays to commence.[4]
The record reveals that the clerk of court requested the sheriff of Claiborne Parish to serve Johnson with a certified copy of the judgment at Wade Correctional Center. The return of service indicates that service of the judgment was made on a person named Karen Bailey on January 25, 1993. However, even if we were to assume, arguendo, that service pursuant to LSA-C.C.P. Art. 1235.1 would satisfy the requirements of LSA-C.C.P. Art. 1913, we find no indication in the record that Karen Bailey was a designee of the warden. Furthermore, we find no affidavit in the record stating that notice of the judgment was personally served on Johnson. It is apparent from the trial court's reasons for judgment that no affidavit or other evidence was presented at the hearing on this matter. The trial court stated:
The only indication that LSA-C.C.P. 1235.1 was complied with is the return stamped on the letter dated January 20, 1993, received by the East Carroll Parish Clerk of Court's Office indicating that service was made on January 25, 1993, by David Crump on Karen Bailey at Wade Correctional Center. It can only be assumed that Karen Bailey delivered this notice to Johnson. (Emphasis added.)
We decline to assume that Karen Bailey personally served Johnson.[5]
Based upon the foregoing, we conclude that the provisions of LSA-C.C.P. Art. 1235.1 were not satisfied and the record does *728 not reflect that Johnson was properly served with notice of the judgment of dismissal. We also conclude that the clerk of court failed to certify that notice of the judgment of dismissal was mailed to Johnson and the date on which such notice was mailed, pursuant to the provisions of LSA-C.C.P. Art. 1913, until August 11, 1993. Thus, the delays for applying for a new trial and for appealing from the January 14, 1993, judgment of dismissal did not begin to run until the day after the clerk's mailing of August 11, 1993. Therefore, Johnson's motion for appeal filed May 5, 1993, is considered timely filed. Accordingly, the judgment rendered by the trial court on March 25, 1994 is reversed, the motion for appeal filed May 5, 1993 is granted and the appeal is ordered expedited.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court with instructions to enter an order for a devolutive appeal. The record on appeal shall include a transcript of the January 14, 1993 hearing on the exceptions, if these proceedings were recorded and/or transcribed. Once the record is lodged and appellate briefs are filed, the matter shall be placed on the next available appellate calendar. Costs of this appeal are assessed to the defendant, East Carroll Detention Center.
REVERSED AND REMANDED.
NOTES
[1] Walter Johnson v. East Carroll Detention Center, 25,593 (La.App. 2d Cir. 07/13/93).
[2] Johnson also contends that the trial court erred in dismissing his petition without allowing him an opportunity to amend to cure any errors raised by peremptory exceptions and further erred in denying his motion to amend his petition. However, we do not reach these arguments as they are not properly before this court on this appeal.
[3] The sole certificate in the record is one dated August 11, 1993, indicating that a certified copy of the judgment of dismissal rendered January 14, 1993 and signed January 20, 1993, was mailed to Johnson on or about March 9, 1993, and again on August 11, 1993. The certificate apparently refers to the copy mailed by the judge's office in March 1993. Thus, the clerk of court did not comply with the requirements of LSA-C.C.P. Art. 1913 until August 11, 1993, more than three months after Johnson's May 5, 1993 motion for appeal was denied as untimely.
[4] We note that if the March 9, 1993 mailing were considered proper service, triggering the running of new trial and appeal delays, Johnson's May 5, 1993 motion for appeal would be timely.
[5] Subsequent to the hearing, defense counsel filed two affidavits into the record. These affidavits indicate that Johnson was served with the order setting the date of the hearing on exceptions and the order setting the date of the hearing on the sufficiency of service. Both affidavits comply with LSA-C.C.P. Art. 1235.1 by stating that the affiant is designated by the warden to serve court papers, documents, and notices on inmates, the affiant personally served the document on Johnson, and the date on which such service was made. Additionally, each affidavit includes exhibits showing the document served and a receipt signed by Johnson.

Although these affidavits indicate that Johnson was properly served in these instances, they are immaterial to the determination of whether notice of the judgment of dismissal was properly served on Johnson. Furthermore, the presence of these affidavits in the record makes such evidence of proper service of the judgment of dismissal conspicuous in its absence.