| .EDWARDS, Judge.
Plaintifflappellant Ronald Marshall appeals a judgment of the district court denying his motion for new trial as untimely filed. We reverse.
Marshall was injured on October 17, 1996, when the automobile which he was driving was struck in the rear by another vehicle. Suit was filed on April 7, 1997 against Brian LeBlanc, the operator of the other vehicle, Norman LeBlanc, owner of that auto, and Allstate Insurance Company, LeBlanc’s insurer. The matter proceeded to trial on February 25, 1998. Marshall testified along with his physician. No witnesses were called by the defense. Following presentation of Marshall’s case, Norman and Brian LeBlanc and Allstate moved for a directed verdict. The motion was denied as to Allstate, and the entire case was taken under advisement. On October 1, 1998, the court issued a judgment in favor of Allstate and against Marshall, dismissing his case with prejudice. Notice of judgment was issued on the same day. On October 13, 1998, Marshall filed a | .Motion and Order For New Trial, In The Alternative Request For Written Reasons For Judgment. On August 26, 1999, the court denied the Motion For New Trial because it was not timely filed.
Marshall appeals the denial of the new trial, alleging that it was both timely and meritorious. Marshall avers that under Code Civ. Pro. art.1974, the time period for the filing of a motion for new trial did not commence until October 5, 1999. He bases this argument on his interpretation of Code Civ. Pro. art. 5059.
When the motion for new trial was filed, Code Civ. Pro.1974 stated:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Code Civ. Pro.1913 formerly required notice of judgment in all cases taken under advisement. The article was amended in 1999 to require notice of judgment in all cases, and article 1974 was amended accordingly. In the present case, the judgment and notice were issued on the same day. Under Code Civ. Pro. art. 5059:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.
LMarshall urges that under article 5059, the day upon which the time for new trial commences to run is excluded, so that October 2 is not counted. October 3 and 4 are not counted since that was a weekend and excluded under article 1974. According to Marshall, Monday October 5 is thus the first day from which the time to move for new trial commenced, making October 13 the 7 th day and making the motion timely.
We find the argument interesting but flawed. Article 5059 is the more general article, and article 1974 the more specific one. Article 1974 clearly provides for the delay to commence on the day after judgment is signed, or, as in the present case for a matter taken under advisement, the day after notice was sent. The delay for *1259 applying for a new trial and for appealing is triggered by the actual mailing of notice of judgment or a copy of the judgment.[1] In this case the judgment was mailed by the Clerk of Court on October 1, 1998, and the delay for applying for a new trial began to run the day after, October 2, 1998. This Court, and the other Circuits, have consistently followed this procedure in determining the timeliness of motions for new trial and/or appeals.[2]
In this case, the “event” referred to in article 5059 is the mailing of the notice of judgment. Thus, that article merely confirms in more general terms the specific limiting period granted in article 1974. The date of the mailing of judgment is not included, and the period to apply for new trial begins to run on the following day. Marshall appears to interpret the phrase in article 5059 “date |5of the act ... after which the period begins to run is not to be included” as meaning that the day after a period begins to run is not counted. Under this analysis, all such delays or periods of time would actually begin two days after the relevant act, event, or default. We think it plain that the statute means what it says, that the act or event begins the running of a period and the date of that act or event is not to be counted.
Under La. R.S. 1:55(A)(1), the second Monday in October is a legal holiday (Christopher Columbus Day), and in 1998, that holiday was October 12. Under C.C.P. art. 5059, the period to apply for new trial continued to run until the next day. Marshall’s motion filed on October 13 was timely.
Because the trial court erroneously dismissed the motion for new trial as untimely, it did not make a finding on the merits. We remand the case to the district court for consideration and determination of the merits of Marshall’s motion for new trial.
For the foregoing reasons, the judgment denying the motion for new trial is reversed and the matter remanded for further proceedings. Costs of this appeal are assessed to Allstate.
REVERSED.

. Johnson v. East Carroll Detention Center, 27,075 (La.App. 2 Cir. 6/21/95), 658 So.2d 724; Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir. 1982). See also Shorts v. Gambino, 570 So.2d 209, (La.App. 5 Cir.1990).

. See e.g. Succession of Blythe, 466 So.2d 500, (La.App. 5 th Cir.1985); Morcos v. EMS, Inc., 570 So.2d 69, (La.App. 4 th Cir.1990); Beagle v. Beagle, 95-168 (La.App. 3 rd Cir. 5/31/95), 657 So.2d 422; Johnson v. East Carroll Detention Center, supra.