NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-150

MICHAEL AND CHRISTINE DAUZAT
VERSUS
STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO.2005-7740
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

MOTION TO DISMISS APPEAL GRANTED.

John T. Bennett
John T. Bennett Law Office
Post Office Box 275
Marksville, LA 71351
(318) 253-4631
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Michael and Christine Dauzat

Jerold Edward Knoll
The Knoll Law Firm
Post Office Box 426
Marksville, LA 71351
(318) 253-6200
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Michael and Christine Dauzat

**Laura Lynn Picard**
**Victoria R. Murry**
**Louisiana Department of Justice**
**Post Office Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana, Department of Transportation**
    **and Development**

DECUIR, Judge.

The Plaintiffs-Appellees, Michael and Christine Dauzat, have filed a Motion To Dismiss Suspensive Appeal. For the reasons given herein, we hereby grant the motion.

This case involves a personal injury suit which Plaintiffs filed against Defendant, State of Louisiana, Department of Transportation and Development, seeking to recover for injuries which Plaintiff, Christine Dauzat, sustained when she fell off a ramp and into a ditch located along the front of Plaintiffs' property. On March 10, 2008, after having boiled several pots of crawfish on her patio, Mrs. Dauzat, with the assistance of her adult son, carried a pot filled with boiling hot water and crawfish boil to the roadside ditch. As Mrs. Dauzat and her son attempted to empty the contents of the pot into the ditch, Mrs. Dauzat allegedly slipped on a ramp and fell into the ditch causing the hot contents of the pot to cascade on her. In their suit, Plaintiffs alleged that because the ditch and the ramp are located within Defendant's right of way and because Defendant failed to maintain the ramp, Defendant is liable for the accident.

This case was tried before a jury from June 28, 2010 through July 1, 2010. The jury returned a verdict finding Defendant to be free from fault and Plaintiff, Mrs. Dauzat, to be 100 percent at fault for the accident. The judgment on the verdict was signed on August 2, 2010, and the notice of judgment was mailed on August 2, 2010. Plaintiffs filed a motion for new trial, and the trial court conducted a hearing on the motion. On October 29, 2010, the trial court signed a judgment granting Plaintiffs' motion for new trial. On November 19, 2010, Defendant filed a motion for suspensive appeal, and the order of appeal was signed on November 22, 2010. The appeal record was lodged in this court on February 7, 2011.

At this time, Plaintiffs seek to have the suspensive appeal dismissed for having

1

been taken from a non-appealable, interlocutory judgment. Plaintiffs point out that the judgment which Defendant seeks to appeal is the trial court's October 29, 2010 judgment which grants Plaintiffs' motion for new trial. Plaintiffs assert that an appeal does not lie from that judgment because a judgment granting a motion for new trial is an interlocutory judgment.

We find that Plaintiffs' assertion is correct. The judgment granting Plaintiffs' motion for new trial does not decide the merits of this case and, thus, is interlocutory. *See* La.Code Civ.P. art. 1841. The jurisprudence has expressly held that "[a] judgment granting a motion for a new trial is a non-appealable interlocutory judgment." *Suarez v. Modica*, 609 So.2d 1013, 1014 (La.App. 5 Cir. 1992) (citations omitted). Accordingly, in the instant case, we find that the trial court's October 29, 2010 ruling is a non-appealable, interlocutory ruling. As such, we lack jurisdiction to hear the appeal.

Although the judgment granting Plaintiffs' motion for new trial is not appealable, it is subject to review under this court's supervisory jurisdiction. *See Alvarez v. LeBlanc*, 08-247 (La.App. 5 Cir. 9/30/08), 996 So.2d 517. However, as pointed out by Plaintiffs, Defendant has already filed an application for supervisory writs with regard to the trial court's ruling granting the motion for new trial. That writ application was filed under this court's docket number 10-1422. In a ruling rendered on March 10, 2011, this court denied the writ, finding that the trial court did not abuse its discretion when it granted Plaintiffs' motion for new trial. Therefore, in this instance, we find it unnecessary to grant the Defendant another opportunity to seek supervisory relief from this ruling upon the dismissal of this appeal.

For the foregoing reasons, we hereby grant Plaintiffs' motion to dismiss Defendant's suspensive appeal.

**MOTION TO DISMISS APPEAL GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.