STEPHEN J. WINDHORST, Judge.
[^Defendants appeal from a judgment that dismissed their Motion for New Trial as untimely. For the reasons that follow, we reverse the decision of the trial court and remand the matter for further proceedings. We further order that the nunc pro tunc minute entry of June 25, 2013, be stricken from the record.
PROCEDURAL HISTORY
The record before us reflects that plaintiffs, 9029 Jefferson Highway, L.L.C. (“9029 Jefferson”) filed a suit for damages and breach of contract after it hired defendants to repair a leaking roof. On April 16, 2010, 9029 Jefferson obtained a default judgment in the amount of $15,000.00.
On November 11, 2010, the members of S & D Roofing, L.L.C. filed an Affidavit of Dissolution, thereby exposing its members, Shane Dufrene and David M. Cain, to personal liability.
|sOn July 8, 2011, 9029 .Jefferson filed a motion for seizure of personal property of the members of defendant S & D Roofing, L.L.C. Subsequently, on August 18, 2011, defendants filed a Motion for New Trial. In the Motion for New Trial, defendants argued that the judgment was contrary to the law and evidence. They further argued that they had not received notice of the default judgment[1] and therefore any further proceedings would be premature. On February 2, 2012, in open court, after finding that defendants had not been served with notice of the default judgment, the trial court dismissed the motion for seizure as premature, and the Motion for New Trial was continued without date. The minute entry prepared for that date reflects, and the transcript confirms, that the Motion for New Trial was continued without date. However, when counsel for 9020 Jefferson submitted a prepared judg *315 ment for signature, the judgment incorrectly stated that the Motion for New Trial was dismissed as premature. The trial court signed the submitted judgment on February 2, 2012.
Notice of the original default judgment was issued on June 11, 2012. No return of service whatsoever appears in the record. According to the transcript and briefs filed in this court, the April 16, 2010 default judgment was not personally served on Shane Dufrene until June 14, 2012, and was personally served on David Cain on July 18, 2012.
On July 20, 2012, defendants filed a Motion to Reset the Motion for New Trial.[2] A second Motion for New Trial is not in the record, although the transcript states that one was filed on August 18, 2012. The trial court denied the Motion for New Trial as untimely on November 15, 2012. Defendant’s motion for appeal was granted on that date.
|40n June 25, 2013, the trial court issued a nunc pro tunc minute entry for the minute entry of December 12, 2011, which contains both the original language that the Motion for New Trial was continued without date, as reflected in the transcript of the hearing, and additional, inconsistent language which states that the Motion for New Trial was dismissed without prejudice as premature.
In this appeal, defendants allege that the trial court erred in dismissing the Motion for New Trial as untimely. They contend that the transcript, in which the court stated that it would continue the hearing without date, prevails over the signed judgment, which was prepared by opposing counsel and did not reflect the decision made by the trial judge on the record.
DISCUSSION
La. C.C.P. art. 4907 provides for the delay in filing a motion for new trial in parish courts and it provides that “The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.”[3]
The trial court erred in finding that the Motion for New Trial was untimely. Defendants’ first Motion for New Trial was filed after the judgment of default was signed, but prior to notice of judgment. There is nothing in the Code of Civil Procedure which prohibits a party from applying for a new trial before service of the notice of judgment. In fact, the Code of Civil Procedure does not prohibit “premature” filing of a motion for new trial prior to the signing of judgment[4], but |fi“simply establishes standards when such a motion is too late.” Thompson v. Bullock, 236 So.2d 892, 898 (La.App. 3 Cir.1970) writ refused, 256 La. 894, 240 So.2d 231 (1970). If the Code of Civil Procedure does not prohibit the filing of a motion for new trial prior to judgment, then a fortiori, it does not prohibit the filing of a motion for new *316 trial after judgment is rendered and signed, but prior to mailing of notice or service of that judgment. Accordingly, since the seven-day delay period for filing of a motion for new trial had not begun to run, the filing of the defendants’ Motion for New Trial was neither premature nor untimely. Dismissal on grounds of prematurity was therefore error.
In addition, we are concerned that the trial court decided, and the parties were informed, in open court, that the Motion for New Trial was continued without date. Despite this ruling, counsel for 9029 Jefferson submitted and obtained the court’s signature on a judgment dismissing his opponent’s motion. Aside from our above discussion on the merits of dismissal based on prematurity, the judgment of December 12, 2011 is further reversible because it was not what the court had decided. A written judgment which is inconsistent with and clearly contrary to the ruling rendered by the trial judge in open court and on the record, and entered into the minutes, is erroneous and subject to reversal.
It is also clear from the transcript that the original minute entry of December 12, 2011 stating that the Motion for New Trial had been continued without date was correct, and that the statement in the nunc pro tunc entry of June 25, 2013, that the Motion for New Trial had been dismissed by the court on December 12, 2011 was not correct.[5] We therefore order that the nunc pro tunc minute entry of June 25, 2013 be stricken from the record.
| fiEven assuming that the judgment of December 12, 2011, which dismissed the Motion for New Trial has legal effect, defendants filed a Motion to Reset the Motion for New Trial two days after service was made on Mr. Cain. It is clear from this pleading that the intent of the defendants was to move for a new trial. This court has said that “Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties.” The trial court has a duty to recognize the true nature of the pleadings. Reynolds v. Brown, 11-525 (La.App. 5 Cir. 12/28/11), 84 So.3d 655, 659 (citations omitted). Accordingly, we construe the motion to reset as a motion for new trial. This finding is consistent with our pronouncement in Calhoun v. Deslattes, 94-578 (La.App. 5 Cir. 12/14/94), 648 So.2d 993, 994 in which we said that “It is well settled that, in cases such as this one involving a motion for new trial after a default judgment, public policy considerations weigh in defendant’s favor, that every litigant should be allowed his day in court.”
We find no merit to 9029 Jefferson’s contention that defendants had actual notice of judgment in April when it filed the motion for seizure of property, and therefore the original Motion for New Trial of August 18, 2011, and by implication the motion to reset on July 20, 2012, were untimely. Any actual knowledge of the signing of the judgment outside the record and absent compliance with the mailing or service requirement is not sufficient to cause the new trial and appeal delays to commence. Johnson v. E. Carroll Det. Ctr., 27,075 (La.App. 2 Cir. 6/21/95), 658 So.2d 724, 727.
CONCLUSION
It is clear that the Motion for New Trial was neither premature nor untimely, and that its dismissal on that ground, and in disregard of what had actually been or *317 dered in open court and on the record, was error. Because the trial court 1 erroneously denied defendants’ Motion for New Trial as untimely, it did not address the merits of the motion. Accordingly, we remand this case to the trial court for consideration of the merits of defendants’ Motion for New Trial. See, Marshall v. Allstate Insurance Co., 00-79 (La.App. 5 Cir. 6/27/00), 762 So.2d 1257, 1259.
For the reasons stated above, the judgment denying the Motion for New Trial as untimely is reversed. This matter is remanded to the trial court for consideration of the Motion for New Trial on its merits, and for further proceedings, if any. In addition, we order that the nunc pro tunc minute entry of June 25, 2013 be stricken from the record. All costs of this proceeding are assessed against plaintiff, 9029 Jefferson Highway, L.L.C.
REVERSED AND REMANDED.

. The record reflects that there was no notice of mailing or service of this judgment.

. This was defendant's second motion to reset. A prior motion was filed on May 11, 2012.

. This language parallels the language of La. C.C.P. art. 1974 which states that "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” Accordingly, the cases applicable to La. C.C.P. art.1974 are also applicable to La. C.C.P. art. 4907.

.Courts have also considered a motion for new trial filed before judgment is signed as a motion to reopen the case for further evidence. Wood v. Beard, 268 So.2d 152, 155 (La.App. 3 Cir. 1972); Thompson, supra.

. The hearing on the motion for new trial filed on July 18, 2011 was held on December 12, 2011. The judgment was signed by the trial court on February 2, 2012. The transcript of the hearing was filed for the record on July 11, 2013.