FREDERICKA HOMBERG WICKER, Judge.
12Plaintiff, Ashley Alexander, appeals the granting of defendants’ motion for summary judgment. For the following reasons, we find this Court lacks jurisdiction to consider the appeal and we dismiss the appeal as untimely.

FACTS AMD PROCEDURAL HISTORY

Plaintiff filed suit in the Second Parish Court for the Parish of Jefferson for damages arising out of a motor vehicle accident *822 in which plaintiffs vehicle was struck by another vehicle driven by defendant Maki M. Gregory and owned by defendant Crete Carrier Corporation.[1]
Following preliminary discovery, defendants filed a motion for summary judgment. On June 26, 2014, the trial court issued a judgment, granting defendants’ motion for summary judgment and dismissing plaintiffs suit with prejudice. The record reflects that notice of the judgment was issued by the Clerk of Court on July 3, 2014, and mailed to plaintiff on July 7, 2014. On July 16, [¾2014,, plaintiff filed a request for written reasons for judgment. On July 28, 2014, the trial judge issued a judgment, instructing plaintiffs attorney to obtain a copy of the. oral reasons for judgment dictated into the record at the summary judgment hearing. Plaintiff filed a writ application with this court, seeking review of the trial court’s denial of her request for written reasons for judgment. On October 9, 2014, this Court granted plaintiffs writ application, remanded the matter to the trial court, and ordered thé trial judge to provide written reasons for judgment as requested, pursuant to La. C.C.P. art. 1917(A). On October 14, 2014, the trial judge issued written reasons for judgment. The record does not reflect that the Clerk of Court issued or mailed the written reasons for judgment to the parties.[2] On April 8, 2015, plaintiff filed a “Notice and Order for Appeal” seeking to appeal the trial court’s granting of summary judgment,

DISCUSSION

On December 17, 2015, this Court issued an order, sua sponte, directing plaintiff to show cause why this appeal, filed more than nine months after the judgment complained of, should not be dismissed on the basis that it was taken untimely. In her response filed with this Court, plaintiff acknowledged that notice of the June 26, 2014 judgment was mailed by the Clerk of Court on July 7, 2014. Further, plaintiff did not claim that she never received the mailed notice of the June 26, 2014 judgment. Rather, in her response to this Court, plaintiff contended that her appeal is timely because it was filed “immediately” after receipt of the trial court’s written reasons for judgment.
A judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the reasons for judgment. State Farm Mut. Auto. Ins. Co. v. Jimenez, 98-1057 (La.App. 5 Cir. 1/26/99), 726 So.2d 465, 466; Franks v. West Jefferson Medical Center, 97-179 (La.App. 5 Cir. 4/29/97), 694 So.2d 1089; Ziegel v. South Central Bell, 93-547 (La.App. 5 Cir. 3/16/94) 635 So.2d 314. The appealable judgment in this case is the summary judgment issued by the trial judge on June 26, 2014.
La. C.C.P. art. 5002(A) provides that when no timely application for a new trial has been filed, an appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service- of notice of judgment, when such notice is necessary. - ■ This time period commences upon receipt of notice of judgment rather than upon mailing of said notice in *823 cases wherein such notice is necessary. Myles v. Turner, 612 So.2d 32, 35 (La.1993). Notice of any final judgment rendered in parish court is required and such notice shall be mailed by the clerk of court to counsel of record for each party in accordance with La. C.C.P. art. 1913.[3] See La. C.C.P. art. 4905.[4] Notice of judgment was required in this case. The record reflects that the Clerk of Court mailed notice of judgment to plaintiffs counsel of record on July 7, 2014. Plaintiffs motion for appeal was not filed until April 8, 2015, approximately nine months later. Although there is no evidence in the record of the actual date on which counsel received the mailed notice, the record reflects that the Clerk of Court mailed the notice of judgment as required and appellant’s counsel received that notice, as evidenced by his request for written reasons filed on July 16, 2014, and the subsequent writ application filed with this Court.[5] Accordingly, we find Lthat plaintiffs appeal, filed approximately nine months later,' is untimely. See State Farm Mut. Auto Ins. Co., supra.
■ When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to consider the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of jurisdiction and dismiss the appeal as untimely. Id.; see also Smith v. Winn-Dixie Louisiana, Inc., 93-354 (La.App. 5 Cir. 10/26/93), 626 So.2d 750.
Accordingly, we find this Court lacks jurisdiction to consider the merits of plaintiffs appeal.and we dismiss the appeal as untimely.

APPEAL DISMISSED

. Plaintiff also named defendants'.insurers as additional defendants. A passenger in the vehicle, Kendrick Taylor, was also a named plaintiff in the petition. The record reflects that Kendrick Taylor’s claims were dismissed on June 17, 2014. Mr. Taylor did not appeal that judgment.

. In her motion for appeal, plaintiff alleges that the Clerk of Court mailed notice of the written reasons for judgment on March 11, 2015.

. La. C.C.P. art. 1913(A) provides:
Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, .is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.

. La. C.C.P. art. 4905 provides:
Notice of the signing of a final judgment shall be given as required by Article 1913.

.In her writ application to this Court concerning the request for written reasons for judgment, plaintiff stated that "Notice of Judgment was mailed the 7th day of July, 2014.”