LILJEBERG, J.
11 Defendant-Appellant, Alan Yedor Roofing and Construction, appeals a default judgment rendered against it on May 15, 2003. For the reasons set forth more fully below, we vacate the default judgment and remand this matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
This matter has a long and convoluted procedural history. On July 25, 2002, plaintiff-appellee, Dr. Natchez Morice, filed a petition for damages against defendants, Alan Yedor Roofing and Construction and Alan Yedor, in the Second Parish Court for the Parish of Jefferson, State of Louisiana. The petition alleges these defendants owed Dr. Morice damages caused by faulty repairs to the roof of an office building *1074 owned by Dr. Morice. Dr. Morice requested Service of the petition on both defendants at 1507 Demothenes Street in Me-tairie, Louisiana. The service returns filed in the record indicate the deputy sheriff was unable to affect service because defendants were “not at this address.”
On August 16, 2002, Dr. Morice filed a motion to appoint a private process server and obtained an order from the trial court authorizing Keith Lobrano to serve defendants. On August 23, 2002, the Second Parish Court Clerk of Court (“Clerk”) issued citations addressed to “Alan Yedor” and “Alan Yedor Roofing & Const.” The service return for the citation addressed to “Alan Yedor” indicates Mr. Lobrano personally served “Alan Yedor / roofing & constr” on September 6, 2002, and the return information for the citation addressed to “Alan Yedor Roofing & Construction” indicates personal service on “Alan Yedor” on the same day. Neither return contained information regarding the location where the personal service occurred. In its appellate brief, defendant denies service was perfected.
On May 15, 2003, Dr. Morice obtained a default judgment against “Alan Yedor Roofing and Construction” for $18,604.06, as well as legal interest, |gattorney’s fees in the amount of 33 ⅛% of the amount owed, and court costs. Other than an Affidavit of Non-Military Service, the record does not contain any evidence in support of the claims alleged in his petition. On May 15, 2003, the Clerk issued a “Notice of Judgment” addressed to “Alan Yedor Roofing & Const.” at 1507 Demothenes Street for service by a deputy sheriff. On May 28, 2003, the deputy sheriff filed a return indi-eating defendant was not at the address listed on the notice.
Almost ten years later, on May 13, 2013, Dr. Morice filed an ex parte motion to revive the May 15, 2003 judgment, which the trial court granted. On May 17, 2013, the Clerk mailed a notice of signing of judgment to “Alan Yedor Roofing and Construction” at 1507 Demothenes Street. The record contains an envelope indicating the post office returned this mailing to the Clerk undelivered and unable to forward.
On April 23, 2015, Dr. Morice took his first step to execute the May 15, 2003 judgment by filing a judgment debtor rule against Alan Yedor.[1] The trial court ordered Mr. Yedor to appear for the rule on August 21, 2015, and Dr. Morice requested service on Mr. Yedor at 1721 Barataría Blvd., in Crown Point, La. The service return filed by the deputy sheriff indicates “no such address.” On June 29, 2015, the deputy sheriff personally served Alan Ye-dor with notice of the August 21, 2015 hearing at 7721 Barataría Blvd. in Crown Point/Marrero, La. Mr. Yedor appeared for the rule on August 21, 2015, and the trial court continued the matter to October 22, 2015. The minute entry for the October 22, 2015 hearing indicates the judgment debtor rule was “satisfied by letter.”[2]
|sOn September 15, 2015, Dr. Morice filed a pleading entitled “Writ of Fieri Facias and Order of Sale.”[3] On that same day, the trial court entered an order to the Clerk to issue a writ of seizure and sale directing the sheriff to sell property owned by “Alan Yedor, II” to satisfy the judg *1075 ment. On September 16, 2016, the Clerk issued a writ of fieri facias to the sheriff.
On November 10, 2015, Dr. Morice filed a motion seeking additional documents from “Alan Yedor, II” in satisfaction of the judgment debtor rule. The matter was originally set for hearing on December 10, 2015. However, when the deputy sheriff was unable to perfect service after numerous attempts, the hearing was rescheduled to February 18, 2016, and Dr. Morice obtained an order from the trial court appointing Mr. Lobrano as a private process server. Mr. Lobrano provided an affidavit stating he personally served “Alan Yedor, II” on January 10, 2016.
At the February 18, 2016 hearing, Mr. Yedor testified that he was Alan Yedor, II. He further confirmed that at the time Dr. Morice obtained the judgment against him, he was doing business as Alan Yedor Roofing and Construction. He also confirmed that he did not incorporate this business and did not register it as a trade name with the Louisiana Secretary of State.[4] Mr. Yedor also told the trial court he was not served with “papers” regarding this lawsuit prior to the time Dr. Morice obtained the judgment against him and first learned of the judgment during the prior year. At the conclusion of the hearing, the trial court advised Mr. Yedor to seek advice from an attorney.
On February 28, 2016, Dr. Morice filed a second pleading entitled “Writ of Fieri Fa-cias and Order of Sale” requesting the trial court again order the Clerk to issue a writ of fieri facias. The trial court denied the request and instructed Dr. | ¿Morice to file a rule to show cause. On March 81, 2016, the trial court signed a rule to show cause which set the matter for hearing on May 19, 2016. The trial court also stated in the rule to show cause that the May 15, 2003 judgment “was never served on Alan Ye-dor Roofing and Construction or Alan Ye-dor II.”
On April 29, 2016, Dr. Morice filed a motion to appoint a private process server to serve Mr. Yedor with notice of the May 19, 2016 hearing, as well as the May 15, 2003 judgment, May 14, 2013 revival judgment and notices of the signing of these judgments. The trial court granted the request on April 29, 2016, again appointing Keith Lobrano. On May 6, 2016, Mr. Lo-brano filed a service return in the record for the notice of the rule to show cause set on May 19, 2016. The service return indicated Mr. Lobrano personally served Alan Yedor at 7721 Barataría Blvd. The return also contained a notation stating “‘Drop Service’ refused to aceept hand to hand.” The record does not contain returns relating to notice of the signing of the May 15, 2003 judgment or subsequent revival judgment.
On May 11, 2016, the trial judge recused herself from these proceedings and reset the hearing on Dr. Morice’s request for a writ of fieri facias on June 7, 2016. On May 16, 2016, the private process server, Keith Lobrano, filed an affidavit in the record stating:
... he received a certified copies (sic) of the Notice of Rule to Show Cause issued April 4th, 2016 and Rule to Show Cause, filed and Order signed March 31st, 2016 in these proceedings, certified copies of Judgments signed May 15th, 2003 and revived Judgment May 14th, 2013, as well as certified copies of Notices of Signing those Judgments (sic), in these proceedings and all of these documents were personally served on Alan Yedor, *1076 II on May 6th, 2016 as will be shown by the return in this record filed May 6th, 2016. [Emphasis added.]
Mr. Lobrano did not attach any service returns to his affidavit and as noted above, the only return filed in the record was with respect to the notice for the May 19, 2016 hearing, which the trial court continued.
hOn June 6, 2016, defendants filed a motion for suspensive appeal and motion for stay. The following day, June 7, 2016, the parties appeared for a hearing on Dr. Moriee’s request for the issuance of a writ of fieri facias. During the hearing, the parties did not introduce any evidence, but rather presented their arguments to the trial court. Dr. Morice’s counsel directed the court’s attention to Mr. Lobrano’s affidavits wherein he stated he personally served Mr. Yedor with the petition, certified copies of the judgments and notices of signing of judgments. Counsel also argued that the trial court mailed Mr. Yedor notices of the signing of judgment to the address where he was personally served.[5]
In response, Mr. Yedor’s counsel argued that a “plethora of mistakes” existed with respect to the May 15, 2003 judgment. He argued his client denied receiving personal service of the petition and further argued that Dr. Morice failed to present any evidence to the court to support the default judgment awarding damages in favor of Dr. Morice. At the conclusion of the hearing, the trial court stated that after reviewing the record, she found there was “service” and was going to sign the order to issue the writ of fieri facias.[6]
During and after the hearing, the trial court also noted that defendants filed a motion for suspensive appeal and motion to stay. The trial court explained she was denying the motion to stay and she was “not going to rule on the motion for sus-pensive appeal.” However, on that same day, the trial court signed an order granting defendants’ motion for suspensive appeal and set a bond in the amount of $34,656.00. The trial court denied the portion of the order which stated all further | (¡proceedings were stayed pending this Court’s decision on the appeal. A notation on the order indicates the clerk received $34,656.00 on July 28, 2016.[7]
DISCUSSION
Upon review of the record and appellate briefs, issues regarding whether and when appeal delays commenced in this matter are apparent and present a question as to whether this Court has jurisdiction to consider this appeal. When an appellant fails to timely file an appeal, the appellate court lacks jurisdiction to consider the appeal. Alexander v. Maki, 15-517 (La.App. 5 Cir. 1/4/16), 183 So.3d 821, 823. Therefore, we address this threshold issue prior to analyzing the merits of defendant’s appeal.
La. C.C.P. art. 5002(A) governs the delays for filing an appeal from a judg- *1077 merit entered in a parish court and provides the appeal “may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” This particular time period commences upon receipt of the notice of judgment, rather than upon mailing of the notice, in cases where notice is required. Myles v. Turner, 612 So.2d 32, 35 (La. 1993); Alexander, 183 So.3d at 822-23. La. C.C.P. art. 4905 states that notice of the signing of a final judgment “shall be given as required by Article 1913.”
La. C.C.P. art. 1913 provides the following notice requirements for default judgments:
B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
|7C. Notice of the signing of a default judgment against a defendant on whom citation was served personally, and who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of judgment was mailed.
Though defendant denies it was served with the petition, for purposes of determining whether jurisdiction exists to consider this appeal, we note the return in the record states defendant received personal service.[8] According to La, C.C. arts. 1913(C) and 5002, when a defendant ⅛ personally served, the ten-day appeal delay commences when the defendant receives notice of the signing of judgment mailed by the clerk of court. Myles, 612 So.2d at 35.
The Clerk did not file any certificates in the record in accordance with La. C.C.P. art. 1913(D), which would indicate that it mailed a notice of the signing of the May 15, 2003 judgment to defendants.[9] Therefore, we find that contrary to the arguments set forth in Dr. Morice’s appellate brief, appeal delays did not begin to run in this matter as a result of the Clerk’s mailing of a notice of signing of the May 15, 2003 judgment.
As noted above, on May 15, 2003, the Clerk did issue a notice of judgment to be served by the deputy sheriff on “Alan Ye-dor Roofing and Construction” at “1501 Demothenes,” the same address where the sheriff failed to serve the petition.[10] The *1078 service return filed in the record on May-28, 2003 indicates the deputy sheriff did not serve defendant because he was not at the address listed on |sthe notice. Therefore, because La. C.C.P. art. 5002(A) requires receipt of the notice of judgment, the appeal delays did not begin to run as a result of these steps taken by the Clerk.
Furthermore, after the trial court issued its rule to show cause on March 31, 2016, and stated that defendants never received notice of the judgment, Dr. Morice asked the trial court to again appoint Mr. Lobra-no as a private process server. However, the only return Mr. Lobrano filed in the record pertained to the notice of the May 19, 2016 rule to show cause issued by the Clerk on April 4, 2016 to “Alan Yedor.” This return does not indicate service on the defendant named in the judgment, “Alan Yedor Roofing and Construction.” Furthermore, this return does not indicate Mr. Lobrano served Mr. Yedor with the May 15, 2003 judgment or a notice of signing of this judgment. According to the record, the Clerk did not issue any new notices with respect to the May 15, 2003 judgment to be served by the private process server. The only document in the record relating to the May 15, 2003 judgment is the “notice of judgment” the Clerk issued on May 15, 2003 for service by the deputy sheriff. Mr. Lobrano did not file a return in the record indicating that he served Mr. Yedor with this document on May 6, 2016.
Defendant obviously learned of the May 15, 2003 judgment well before it filed the motion for suspensive appeal. However, actual knowledge of the signing of the judgment outside of the record and absent compliance with the mailing or service requirement is not sufficient to cause new trial and appeal delays to commence. 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 13-588 (La.App. 5 Cir. 2/26/14), 136 So.3d 313, 316; Hacienda Constr., Inc. v. Newman, 10-18 (La.App. 5 Cir. 6/29/10), 44 So.3d 333, 336 (...“we decline to hold that actual notice of the judgment prevails over the plain wording of La. C.C.P. art. 1913, which clearly requires that the clerk of court mail notice of the signing of a final judgment to the counsel of record for each party.”)
lain a similar matter, 9029 Jefferson Highway, supra, the plaintiff obtained a default judgment for damages after it hired the defendants to repair a leaking roof. The plaintiff obtained a default judgment in 2010 in parish court, but the defendants were not served with notice of the judgment. On July 8, 2011, the plaintiff filed a motion for seizure of personal property of the defendants, and on August 18, 2011, the defendants filed a motion for new trial. The plaintiff argued the motion for new trial was untimely because the defendants had actual notice of the judgment when they received the motion for seizure of property. However, this Court determined the new trial and appeal delays did not commence without compliance with the mailing or service requirements. Id. at 316.
On the other hand, in Albitar v. Albitar, 16-167 (La.App. 5 Cir. 6/30/16), 197 So.3d 332, 340, this Court recently determined that when a party files a motion for an appeal or an exception of insufficient service of judgment, he is deemed either to have notice of the judgment or waive notice. Therefore, this Court found the appeal delays commenced from the time the defendant filed the exception of insufficient service of the default judgment. Id. Upon reviewing the record in the instant matter, we do not find defendant filed any pleadings or took any other steps in this matter prior to the filing of the motion for suspen-sive appeal which triggered the appeal delays.
*1079 The only indication of service of the May 15, 2003 judgment or notice of the signing of judgment in the record is the May 14, 2016 affidavit of Mr. Lobrano wherein he states he served Mr. Yedor with certified copies of these documents “as will be shown by the return filed in the record on May 6, 2016.” However, this service return does not contain any indication to confirm service of the judgment or notice of signing of judgment. Furthermore, the return was not addressed to the party listed in the judgment, Alan Yedor Roofing and Construction.
110Appeals are favored in the law and any doubt shall be resolved in favor of maintaining, rather than dismissing an appeal. Hacienda Constr., Inc, 44 So.3d at 336. Unless the grounds for dismissal are free from doubt, the appeal should be maintained. U.S. Fire Insurance Company v. Swann, 424 So.2d 240 (La. 1982). Considering the deficiencies outlined above, considerable doubt exists as to whether “Alan Yedor Roofing and Construction” received notice of the judgment in accordance with La. C.C.P. arts. 5002 and 1913. Therefore, considerable doubt exists as to whether appeal delays commenced on May 6, 2016, and we must find in favor of maintaining the appeal and determine defendant’s appeal is not untimely. Accordingly, we find jurisdiction exists to consider this appeal.
In its appellate brief, defendant raises three assignments of error. Defendant first argues the May 15, 2003 judgment must be reversed because Dr. Morice failed to establish a prim a facie case by presenting relevant and competent evidence to the trial court as required by La. C.C.P. art. 4904. Defendant also contends the trial court erred by awarding Dr. Mor-ice attorney’s fees because he did not pray for this relief in his petition. Finally, defendant argues the trial court erred in entering the default judgment because Dr. Mor-ice failed to serve the petition for damages on defendant.[11]
With respect to his first assignment of error, defendant argues the record contains no evidence to support the damages and attorney’s fees awarded to Dr. Morice. La. C.C.P. art. 4904 governs the entry of default judgments in parish and city courts:
A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
B. The plaintiff may obtain a fínal judgment only by producing relevant and competent evidence which establishes a | uPrima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required. [Emphasis added.]
In order to establish a prima facie case to obtain a default judgment, a plaintiff must establish his case with competent evidence as fully as though each of the allegations in the petition were denied by the defendant. Concept 29 Uniform Service v. Roe, 542 So.2d 609, 611 (La. App. 5th Cir. 1989). Although a presumption exists that a default judgment is supported by sufficient evidence, the pre *1080 sumption does not attach when the record upon which the judgment is rendered indicates otherwise. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1264, 1268 (La. 1993); Moreau v. Griffith, 96-683 (La. App. 3 Cir. 12/11/96), 686 So.2d 663, 666 (vacating judgment because of insufficient evidence in the record to obtain a default judgment).
The record before this Court indicates the only document Dr. Morice presented in support of the May 16, 2003 judgment is an affidavit of nonmilitary service. The record contains no other documentary evidence or testimony to establish prima fa-cie proof of the damages and attorney’s fees awarded to Dr. Morice. Therefore, we find the trial court erred in entering a default judgment in favor of Dr. Morice due to the lack of relevant and competent evidence in the record. It is not necessary to address the remaining issues raised on appeal.
DECREE
Based on the foregoing, we vacate the trial court’s May 16, 2003 default judgment and remand this matter for further proceedings.
JUDGMENT VACATED AND MATTER REMANDED FOR FURTHER PROCEEDINGS

. As noted above, the May 15, 2003 judgment was only entered against "Alan Yedor Roofing and Construction.”

. The record does not contain a letter regarding the judgment debtor rule.

. This pleading represented the judgment obtained by Dr. Morice was against "Alan Ye-dor, II.”

. La. C.C.P. art. 736 provides that a "person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business.”

. This statement is inaccurate. The record does not contain any certificates indicating the Clerk ever mailed a notice of the signing of the May 15, 2003 judgment to defendants. Furthermore, the record does not contain information regarding the address where Mr. Lobrano alleges he personally served defendants with the petition for damages.

. This ruling is not on appeal before this Court.

.In its appellate brief, defendant explains that following die hearing, the parties thought the trial court denied the suspensive appeal and therefore, it filed a Petition for Injunctive Relief and to Nullify the Default Judgment. Defendant claims it did not learn the trial court signed the order granting the suspen-sive appeal on June 7, 2016, until the parties appeared for the hearing on the Petition for Injunctive Relief and to Nullify the Default Judgment on July 12, 2016.

.Defendant complains that the service returns filed by the private process server did not contain the address where he personally served defendants. La. C.C.P. art. 1292 states the "sheriff shall endorse on a copy of the citation or other process the date, place and method of service and sufficient other data to show service in compliance with law.” La. C.C.P. art. 1293 requires a private process server to "make service of process in the same manner as is required of sheriffs.”

. On December 13, 2016, this Court issued an order to the Clerk requesting a supplemental record containing all service returns and notices of signing of judgment filed in its record. The Clerk lodged the supplemental record with this Court on December 20, 2016.

. Because Mr. Lobrano failed to include information regarding the place where he served defendants with the petition for damages, the 1507 Demothenes address was the only address contained in the record at the time the Clerk issued this notice of judgment.

. We note that defendant failed to brief this last assignment of error other than to note in its statement of the facts that the service return filed in the record failed to identify the 'location/place” where personal service was perfected.