CHAISSON, J.
*984 In this case arising from divorce proceedings, Dr. James Loyola appeals an April 26, 2018 judgment denying his Motion for New Trial following a November 30, 2017 judgment of the trial court granting a Petition to Enforce a Compromise Agreement filed by Ms. Jennifer Loyola. For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
The parties argued the merits of the Motion for New Trial at an April 9, 2018 hearing, during which the trial court denied the motion in open court. The judgment denying the Motion for New Trial was signed on April 26, 2018, and the clerk of court mailed notice of the judgment on May 1, 2018.
On May 23, 2018, Dr. Loyola filed a Notice of Intent to Apply for Supervisory Writ wherein he sought review of the trial court's November 30, 2017 judgment and subsequent denial of his Motion for New Trial. An Application for Supervisory Writ was never filed with this Court.
On July 11, 2018, counsel for Dr. Loyola filed a Motion for Appeal of the November 30, 2017 and April 26, 2018 judgments wherein counsel argued that the clerk of court mailed the notice of judgment to the incorrect address. The trial court granted the Motion for Appeal on July 11, 2018. Ms. Loyola has filed a Motion to Dismiss Dr. Loyola's appeal as untimely.
DISCUSSION
The rules establishing the time delays applicable in this case are set forth in La. C.C.P. articles 3942, 3943, and 2087. Under these articles, an appeal from a judgment awarding custody, visitation, or support of a person can be taken within thirty days of either: 1) the expiration of the delay for applying for a new trial, if no application has been timely filed; or 2) the date of the mailing of the notice of the court's refusal to grant a timely filed application for a new trial.[1] Accordingly, Dr. Loyola had thirty days from May 1, 2018, when the clerk of court mailed notice of the April 26, 2018 judgment to file his appeal, which makes his July 11, 2018 Motion for Appeal untimely on its face.
In his Motion for Appeal, Dr. Loyola stated that his motion was timely filed because the clerk of court mailed the notice of judgment to an incorrect address located at 406 Magazine Street, which is contrary to the requirements set forth in La. C.C.P. art. 1913. In his Motion for Appeal, Dr. Loyola did not argue that he had never received the notice of judgment, though he does make this claim for the first time before this Court in his opposition to the Motion to Dismiss.
When an appellant fails to timely file an appeal, the appellate court lacks jurisdiction to consider the appeal.
*985 Morice v. Alan Yedor Roofing & Constr. , 16-532 (La. App. 5 Cir. 2/8/17), 216 So.3d 1072, 1076 (citing Alexander v. Maki , 15-517 (La. App. 5 Cir. 1/4/16), 183 So.3d 821, 823 ). This Court has previously held that the plain wording of La. C.C.P. art. 1913 clearly requires the clerk of court to mail notice of the signing of a final judgment to the counsel of record for each party. Hacienda Constr., Inc. v. Newman , 10-18 (La. App. 5 Cir. 6/29/10), 44 So.3d 333, 336. The purpose of the requirement that the clerk of court mail notice of final judgment is to give parties notice of judgment in order to timely move for a new trial or appeal. Albitar v. Albitar , 16-167 (La. App. 5 Cir. 6/30/16), 197 So.3d 332, 340. In a few reported cases, this Court has held that actual knowledge of the signing of the judgment outside of the record and absent compliance with the mailing or service requirement is not sufficient to cause new trial and appeal delays to commence. Morice , supra ; 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C. , 13-588 (La. App. 5 Cir. 2/26/14), 136 So.3d 313, 316 ; Hacienda Constr.,Inc. , supra . However, this Court has also recognized that a party may file motions on the record in the trial court by which he may be deemed to either have notice or waive notice of the judgment. Albitar , supra .
The record in this case shows that Dr. Loyola was aware of the judgment denying his Motion for New Trial: the transcript of the April 9, 2018 hearing where the motion was considered shows that the motion was denied in open court, and the filing of the Notice of Intent to Seek Supervisory Writ on May 23, 2018, in which Dr. Loyola sought supervisory review of the April 26, 2018 judgment denying the Motion for New Trial. While it is unclear from the record whether the notice of judgment mailed by the clerk's office was sent to the incorrect address, Dr. Loyola had actual notice of the judgment at least as soon as May 23, 2018. Even calculating the delay for filing a motion for appeal thirty days from this date still places Dr. Loyola's July 11, 2018 filing of the Motion for Appeal as untimely. Accordingly, this Court lacks jurisdiction to hear this appeal, and the Motion to Dismiss is granted.
DECREE
Because Dr. Loyola's Motion for Appeal was untimely filed, this Court lacks jurisdiction to hear this appeal. Ms. Loyola's Motion to Dismiss this appeal is granted.
APPEAL DISMISSED

Here we note that Dr. Loyola's Motion for New Trial was timely filed, as it was filed within seven days of the signing of the judgment granting the petition to enforce the compromise agreement. See La. C.C.P. 1974.