LIBERTAS TAX FUND I LLC

VERSUS

DANIEL J. MOMPOINT, MARIE RENEE
RIMPEL MOMPOINT, UNITED STATES OF
AMERICA, UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY - INTERNAL
REVENUE SERVICE, STATE OF LOUISIANA
AND STATE OF LOUISIANA, DEPARTMENT
OF REVENUE

NO. 20-CA-105

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-182, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

October 05, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg

<u>**VACATED AND REMANDED**</u>

**MEJ**

**JGG**

**HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
LIBERTAS TAX FUND I LLC
    Wesley M. Plaisance
    Laura S. Achord

COUNSEL FOR DEFENDANT/APPELLANT,
DANIEL J. MOMPOINT AND MARIE RENEE RIMPEL MOMPOINT
    Christopher J. Davidson
    John A. E. Davidson

**JOHNSON, J.**

Defendants/Appellants, Daniel J. Mompoint and Marie Renee Rimpel Mompoint (hereinafter referred to as "the Mompoints"), appeal the trial court's default judgment concerning a quiet title action and a partition by licitation in favor of Plaintiff/Appellee, Libertas Tax Fund I, LLC (hereinafter referred to as "Libertas"), from the 24th Judicial District Court, Division "D". For the following reasons, we vacate the final default judgment confirming the quieting of the tax sale title and partition by licitation, and we remand the matter to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

According to the record in this matter, Libertas filed a petition against the Mompoints, the United States of America, the United States of America, Department of Treasury – Internal Revenue Service, the State of Louisiana, and the State of Louisiana – Department of Revenue on June 12, 2019. In its petition, Libertas sought a judgment from the trial court that would confirm its tax sale title and 1% ownership of certain immovable property in Jefferson Parish—3660 Lake Aspen Dr. W., Gretna, Louisiana—owned by the Mompoints, as well as the partition by licitation of the same immovable property. Libertas alleged that the three-year peremptive period to redeem its tax sale title to the property had expired, and the tax sale title had not been annulled or redeemed by the Mompoints or any other party. Libertas also sought a settlement of the accounts between the co-owners. The petition was answered by the Louisiana Department of Revenue; however, it was the only party to answer the petition.

Libertas filed a "Motion for Entry of Preliminary Default" on January 9, 2020. Due to the failure of the Mompoints to file responsive pleadings within the time delay allowed by law, Libertas sought a preliminary default judgment against

them.[1]  The trial court granted the motion on January 9, 2020.  On January 22, 2020, Libertas filed its "Motion to Confirm Default Judgment."  In support of its motion, Libertas submitted an affidavit from its manager, Keith Richard, attesting to Libertas' 1% ownership in the immovable property and its desire for a partition of the property; a tax sale certificate for the immovable property; the original purchase agreement for the property signed by the Mompoints in 1992; two notices of federal tax liens on the property dated March 5, 2010 and March 14, 2012; and, two notices of Louisiana state tax assessments and liens on the property dated October 16, 2012 and February 20, 2014.

On January 27, 2020, the trial court granted Libertas' motion for confirmation, without a hearing in open court, and rendered a default judgment against the Mompoints and the United States defendants.  In its judgment, the trial court declared Libertas as the 1% owner of the immovable property; enjoined the defendants from claiming any rights to the portion owned by Libertas; reformed the tax sale certificate to mirror the legal description of the property set forth in the judgment; terminated the encumbrances on the property recorded in Jefferson Parish; appointed the Sheriff for the Parish of Jefferson to partition the property at a public auction; ordered the sale of the property on an all cash basis, without appraisal and with no minimum price; ordered that Libertas be reimbursed taxes and all other expenses, plus attorney's fees and costs from the mass sale proceeds and with the 1% proceeds paid directly to Libertas; and, designated the judgment as final and appealable.

After the final judgment was rendered, Libertas and the Louisiana Department of Revenue moved the court for a "Consent Partial Final Judgment," wherein the parties agreed to partially erase and cancel certain encumbrances on

---

[1] Libertas also sought a preliminary default judgment against the United States of America and the United States of America – Department of Treasury.

the property recorded in Jefferson Parish. The trial court granted the joint motion and rendered a consent judgment on January 30, 2020. Subsequently, Libertas and the United States defendants also moved the trial court for a "Consent Partial Final Judgment," wherein the parties agreed to partially erase and cancel certain encumbrances on the property recorded in Jefferson Parish. That motion was granted by the trial court, and the consent judgment was rendered on February 10, 2020. The judgment further ordered that the proceeds of the partition sale belonging to the Mompoints be deposited in the registry of the court and the encumbrances held by the United States defendants attach only to the Mompoints' proceeds.

The instant suspensive appeal of the Mompoints followed.

## ASSIGNMENTS OF ERROR

On appeal, the Mompoints allege: 1) the trial court erred in confirming the preliminary default judgment without a hearing in open court; 2) the trial court rendered an invalid default judgment because the judgment is not precise, definite, or certain; 3) the trial court erred in finding in favor of Libertas because Libertas failed to establish a *prima facie* case for confirming the preliminary default judgment; and, 4) the trial court erred in allowing Libertas to demand a partition by licitation before it is a true co-owner.

## LAW AND ANALYSIS

General Precepts of Law

Generally, an appellate court's review of a default judgment is governed by the manifest error standard of review. *ASI Fed. Credit Union v. Leotran Armored Sec., LLC*, 18-341 (La. App. 5 Cir. 11/7/18) 259 So.3d 1141, 1147-48, citing *Arias v. Stolthaven New Orleans, LLC*, 08-1111 (La. 5/5/09); 9 So.3d 815, 818. However, when the court of appeal "finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to re-determine the

facts *de novo* from the entire record and render a judgment on the merits." *Id*. at 1148. Although a presumption exists that the record supports a default judgment, the presumption does not exist when the record upon which the judgment is rendered indicates otherwise. *Id*., citing *Morice v. Alan Yedor Roofing*, 16-532 (La. App. 5 Cir. 2/8/17); 216 So.3d 1072, 1079-80.

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Mount v. Hand Innovations, LLC*, 12-326 (La. App. 5 Cir. 11/27/12); 105 So.3d 940, 943, citing *Arias*, *supra*. Confirmation of a default judgment is similar to a trial. It requires, with admissible evidence, "proof of the demand sufficient to establish a *prima facie* case." *Id*., citing La. C.C.P. art. 1702(A). The elements of a *prima facie* case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. *Id*., citing *Sessions & Fishman v. Liquid Air Corp*., 616 So.2d 1254, 1258 (La. 1993).

Requirement of Hearing in Open Court

The Mompoints allege the trial court erroneously confirmed the preliminary default judgment without a hearing in open court. They argue that Libertas failed to supply sufficient information needed to proceed without a hearing in open court, *e.g.*, a certification that the suit was based on a conventional obligation or proof of tax payments, attorney's fees or expenses. They further argue that Libertas failed follow the requirements set forth in La. C.C. art. 1702.1, by failing to introduce a statement of the alleged account or an itemization of the claimed amounts into evidence. Because no record was made in this matter, the Mompoints contend that Libertas' default judgment without any evidence admitted by the trial court on the record is deficient.

Libertas maintains that the trial court was authorized to confirm the preliminary default judgment in chambers. It contends that the instant matter is an

action to confirm a tax sale title and partition, and the matter is not grounded in contract or tort or based on an open account, promissory note, or other negotiable instrument. Thus, Libertas argues that the specific evidentiary requirements set forth in La. C.C.P. art. 1702(B) and documentation requirements of La. C.C.P. art. 1702.1 are not applicable. Libertas further contends the trial court judge determined that a hearing was not necessary and rendered the judgment in chambers.

According to La. C.C.P. 1702(A), a preliminary default must be confirmed by proof of the demand that is sufficient to establish a *prima facie* case and that is admitted on the record prior to the entry. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. *Id*. The Article further provides the requirements for proving a *prima facie* case for specific types of demands. *See*, La. C.C.P. art. 1702 (B) and (C). La. C.C.P. art. 1702.1 establishes the procedure for plaintiffs seeking to confirm a preliminary default without appearing for a hearing in open court pursuant to La. C.C.P. art. 1702(B)(1) and (C).

In this matter, the trial court confirmed Libertas' preliminary default judgment without a hearing in open court. Libertas attached exhibits to its motion to confirm the preliminary default judgment. However, none of the exhibits were accepted into evidence by the trial court.

In *Precept Credit Opportunities Fund, L.P. v. Brown*, 20-114 (La. App. 4 Cir. 7/22/20); --- So.3d ---, 2020 WL 4199728, the Louisiana Fourth Circuit reviewed a similar confirmation of a default judgment regarding the quieting of a tax sale title. In that matter, the plaintiff claimed that it acquired sole ownership of

tax sale property and sought a preliminary default against the defendants, which was granted by the trial court. Four days after the trial court entered an order of preliminary default, the plaintiff filed a motion to confirm the preliminary default judgment. On the same day the motion was filed, the trial court rendered a final default judgment without a hearing in open court, quieting the plaintiff's tax sale title to the property. *Id*. at p. 1.

On appeal, the Fourth Circuit found that the plaintiff failed to offer competent evidence sufficient to support the confirmation of a final default judgment. The court reasoned,

> [T]he record does not reflect that the trial court held a hearing in open court, wherein evidence was formally introduced and admitted. Instead, Plaintiff submitted a motion and supporting memorandum to confirm default judgment. Plaintiff attached its affidavit that included three exhibits to its supporting memorandum. However, the record does not reflect any request to admit these exhibits or the entire record into evidence. Moreover, Plaintiff did not present live testimony or offer a certified copy of the tax deed into evidence. As a result, Plaintiff did not admit any evidence on the record by which it could prove the elements of its case as required by La. C.C.P. art. 1702(A).

*Id*. at p. 4.

When considering whether a hearing in open court was required for a confirmation of a preliminary default judgment to quiet a tax sale title, the Fourth Circuit explained,

> As discussed, La. C.C.P. arts. 1702(B)(1) and (C) and 1702.1 do specify certain claims and situations wherein a plaintiff may confirm a default judgment using hearsay evidence without a hearing when mandatory itemizations and certifications of proof are present. However, Plaintiff's claim to quiet title does not fall within one of the foregoing exceptions under La. C.C.P. art. 1702(B)(1) or (C) that would allow hearsay evidence by way of affidavit and exhibits, nor does its submission comply with the strict mandates of La. C.C.P. art. 1702.1, which is necessary to proceed to a final judgment without a hearing. Thus, a hearing with live testimony and evidence was required. Accordingly, the failing to conduct a hearing and obtain competent evidence sufficient to establish the elements of a prima facie case by which a final default judgment could be confirmed is a

fatal procedural defect.

*Id.* at p. 4.

We agree with the Fourth Circuit's rationale in *Precept Credit Opportunities Fund, L.P.* Accordingly, we find that the trial court legally erred in failing to conduct a hearing in open court and obtain competent evidence sufficient to establish the elements of a *prima facie* case by which a final default judgment could be confirmed in favor of Libertas, and those failures were fatal procedural defects. As such, we find that Libertas' claim to quiet tax title does not fall within one of the exceptions under La. C.C.P. art. 1702(B)(1) or (C), and Libertas failed to present sufficient proof of its demand to establish a *prima facie* case for confirmation of the preliminary default judgment that was admitted on the record prior to the entry final default judgment.[2] Without a properly rendered final default judgment that quiets the tax sale title in this matter, we find that the partition by licitation was also erroneously rendered. Because of our finding on this assignment of error, we pretermit discussion of the Mompoints' remaining assignments of error.

### DECREE

For the foregoing reasons, we find the final default judgment rendered by the trial court to be fatally flawed. Accordingly, we vacate the final default judgment in favor of Libertas Tax Fund I, LLC, which confirmed Libertas' quiet title action and granted a partition by licitation, and we remand the matter to the trial court for further proceedings. Libertas Tax Fund I, LLC is assessed the costs of this appeal.

### <u>VACATED AND REMANDED</u>

---

[2] *Compare*, *Bridges v. Citifinancial Auto Corporation*, 18-734 (La. App. 1 Cir. 11/5/18); 266 So.3d 939, 942, where the Louisiana First Circuit held that an alleged tax debt does not qualify under any of the circumstances specified in La. C.C.P. arts. 1702(C) and 1702.1 for confirming a default judgment without a hearing, and the trial court legally erred in confirming the default judgment against the defendant in the absence of a hearing.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-105

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
WESLEY M. PLAISANCE (APPELLEE)          CHRISTOPHER J. DAVIDSON (APPELLANT)

### MAILED
JOHN A. E. DAVIDSON (APPELLANT)
ATTORNEY AT LAW
2901 INDEPENDENCE STREET
SUITE 201
METAIRIE, LA 70006

LAURA S. ACHORD (APPELLEE)
ATTORNEY AT LAW
300 WASHINGTON STREET
SUITE 210
MONROE, LA 71201

PHILIP J. GIORLANDO (APPELLEE)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 1500
NEW ORLEANS, LA 70112